UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GZ LONG YA TRADING CO., LTD., | |
| Plaintiff, | |
| v. | Case No.: 1:24-cv-04193 |
| | Judge Jorge L. Alonso |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Keri L. Holleb Hotaling |
| Defendants. | |

**COMPLAINT**

Plaintiff, GZ Long Ya Trading Co., Ltd. ("Plaintiff"), by and through its undersigned attorney, hereby brings this design patent infringement action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action has been filed by Plaintiff in attempt to combat e-commerce store operators who are making, using, offering for sale, selling, or importing into the U.S. for subsequent sale or use the same unauthorized and unlicensed products, namely the jigsaw puzzle tables shown in **Exhibit 1**, that infringe Plaintiff's patented designs, U.S. Patent Nos. D986,339 and D972,038 (the "Infringing Products"). Defendants attempt to circumvent and mitigate liability by operating under one or more seller aliases (the "Seller Aliases") to conceal their identities and the full scope and interworking of their infringing activities. Defendants' e-commerce stores[1] operating under the Seller Aliases share unique identifiers, such as similar product images and specifications, establishing a logical

---

[1] The e-commerce store urls are listed on Schedule A.

relationship between them, suggesting that Defendants' operation arises out of the same transaction, occurrence, or a series of transactions or occurrences.

2. Plaintiff has lost the control over its design patents and the right to exclude others from making, using, offering for sale, selling, or importing into the U.S. the patented design as a result of Defendants' infringement. Plaintiff is the sole rightful assignee of the design patents and used to sell genuine jigsaw puzzle tables on its Amazon storefront. However, due to unfair competition and price erosion caused by Defendants' infringement, Plaintiff has incurred great loss and had to stop selling genuine jigsaw puzzle tables. Because of the substantial monetary loss, Plaintiff had to close its store and was almost left out without means to go after the infringers. Plaintiff has been and continues to be irreparably damaged by the infringement and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 1, *et seq.*, 28 U.S.C §§ 1331 and 1338.

4. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including this district through, at least, the Internet based e-commerce stores and fully interactive Internet websites accessible in this district and operating under their Seller Aliases. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

5. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by making, using, offering for sale, selling, or importing Infringing Products into the U.S.

## THE PARTIES

6. Plaintiff is a Chinese corporation and the sole lawful assignee of all right, title, and interest in and to the two U.S. Patent Nos. D986,339 and D972,038 ("Patented Designs"). Plaintiff was the sole entity that was granted a licensed to use the Patented Designs before becoming the assignee.

7. The D972,038 patent was lawfully issued on December 6, 2022; the D986,339 patent was lawfully issued on May 16, 2023, the inventor for both patents is William Huang. Attached hereto as **Exhibit 2** is a true and correct copy of the United States Patents for the Patented Designs.

| Patent Number | Claim | Issue Date |
|---|---|---|
| **US D972,038** | FIG. 1, FIG. 2, FIG. 3, FIG. 4, FIG. 5, FIG. 6 | **December 6, 2022** |

| Patent Number | Claim | Issue Date |
|---|---|---|
| **US D986,339** | FIG. 1 FIG. 2 FIG. 3 FIG. 4 FIG. 5 FIG. 6 | **May 16, 2023** |

8. Plaintiff received all rights, interest, and title associated with the Patented Designs as a result of the assignment executed on April 24, 2024. The assignment was duly recorded with the U.S. Patent and Trademark Office. Plaintiff is the sole assignee of the Patented Designs. Attached hereto as **Exhibit 3** is a true and correct copy of the recorded assignment.

9. The Patented Designs are broadly recognized by consumers.

10. Plaintiff has not granted license to any Defendant or permitted any Defendant to use the Patented Designs.

**Defendants**

11. On information and belief, Defendants are individuals and business entities who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

12. On information and belief, Defendants reside and/or operate in the Peoples Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

13. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities and their exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take the appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

14. The popularity of the Patented Designs has resulted in significant infringement. Recently Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were/are offering for sale and are selling Infringing Products on online marketplace platforms such as Amazon. The Seller Aliases target consumers in the U.S. and this Judicial District. According to a U.S. Customs and Border Protection (CBP) Report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights violating totaling over $3.3 billion, an increase of $2.0 billion from 2020. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection **Exhibit 4**. Of the 27,000 in total, seizures, over 24,000 came through international mail and express shipments (as opposed to large shipping containers). Most of which originated from mainland China and Hong Kong. *Id.*

15. Third-party service providers, such as, for example, Amazon, eBay, PayPal, etc., like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities allowing those misappropriating lawful intellectual property to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 5**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 Nw. J. INT'L L. & Bus. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U. S. Department of Homeland Security's Office of Strategy, Policy, and Plans, attached as **Exhibit 6**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for counterfeiters to begin selling" and recommending that "[s]ignificant enhanced vetting of third-party sellers" is necessary. Those misappropriating intellectual property hedge against the risk of being caught and having their websites/advertisements taken down from an e-commerce platform by preemptively establishing multiple storefronts. Exhibit 6 at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, those misappropriating intellectual property can have many different profiles that can appear unrelated even though they are commonly owned and operated. Exhibit 6 at p.39.

16. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal and others.

17. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously

registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

18.     On information and belief, Defendants regularly register or acquire new seller aliases to sell Infringing Products. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and interworking of their operation, and to avoid being shut down.

19.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use.

20.     On information and belief, Defendants are in constant communication with each other and regularly participate in WeChat and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

21.     Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

22.     On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property and working in active concert to offer for sale and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully infringed the Patented Designs.

23. Defendants' infringing activities have caused Plaintiff irreparable harms including but not limited to loss of business opportunities, loss of future sales, loss of the right to exclude others from benefiting from the Patented Designs, and the hardship in bringing this action.

## COUNT I
### Patent Infringement of United States Design Patent Nos. D986,339 and D972,038
**(35 U.S.C. § 271)**

24. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25. Plaintiff is the sole lawful assignee of valid and enforceable U.S. design patent Nos. D986,339 and D972,038.

26. Defendants are making, using, offering for sale, selling and/or importing into United States for subsequent sale Infringing Products that infringe directly and/or indirectly the Patented Designs.

27. Defendants have infringed the Patented Designs through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff irreparable harm resulting from the loss of its patent rights to exclude others from benefiting from the Patented Designs. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including defendants' profits pursuant to 35 U.S.C. §289. Plaintiff is entitled to recover any other compensatory damages as appropriate pursuant to 35 U.S.C. §284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling and/or importing into United States for subsequent sale or use Infringing Products;

b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling and/or importing into United States for subsequent sale or use Infringing Products; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or other avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to Amazon (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Patented Designs, but in no event less than a reasonable royalty, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Patented Designs be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) Alternatively, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Patented Designs, pursuant to 35 U.S.C. § 289;

6) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

7) Award any and all other relief that this Court deems just and proper.

Dated: May 28, 2024　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*Faye Yifei Deng*
　　　　　　　　　　　　　　　　　　　　　　　Faye Yifei Deng
　　　　　　　　　　　　　　　　　　　　　　　YK Law LLP
　　　　　　　　　　　　　　　　　　　　　　　445 S Figueroa St, Suite 2280
　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90071
　　　　　　　　　　　　　　　　　　　　　　　fdeng@yklaw.us
　　　　　　　　　　　　　　　　　　　　　　　Tel: 213-401-0970

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff GZ Yong Ya Trading Co., Ltd.*