UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GZ LONG YA TRADING CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 1:24-cv-04193 <br><br> Honorable Jorge L. Alonso |

## MOTION TO DISMISS

Defendants Kiddie Store, Puzzle Advisor, Wheel-Go, and Taoanshangmao ("Movants") move to dismiss them from this action for misjoinder under the patent joinder statute, 35 U.S.C. § 299.

Before the Leahy-Smith America Invents Act of 2011, 35 U.S.C. § 100 *et seq.* ("AIA"), patent holders commonly sued or attempted to sue multiple infringers in a single suit. "The AIA sought to put a stop to this." *Oakley, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule "A,"* No. 21 C 536, 2021 WL 308882, at *1 (N.D. Ill. Jan. 30, 2021).

Under 35 U.S.C. § 299, as amended by the AIA, accused patent infringers may be joined in a single action only if a claim "is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering to sell, or selling "the same accused product or process." 35 U.S.C. § 299(a)(1). In other words, there must be a "'logical relationship' between the claims linking the underlying facts." *In re Apple Inc.*, 650 F. App'x 771, 775 (Fed. Cir. 2015).

1

Plaintiff GZ Long Ya Trading Co., Ltd.'s amended complaint (Dkt. 8) does not allege *any* facts that justify joining the accused infringers *en masse* in a single action under section 299. Plaintiff infers that defendants products are connected merely because the products look similar and have somewhat similar descriptions:

> Defendants' e-commerce stores operating under the Seller Aliases share unique identifiers, such as similar product images and specifications, establishing a logical relationship between them, suggesting that Defendants' operation arises out of the same transaction, occurrence, or a series of transactions or occurrences.

Dkt. 8 at ¶ 1. This inference is unreasonable. The products in question are puzzle tables (tables designed to provide a surface on which to assemble jigsaw puzzles and to store the puzzle pieces) that share a common basic utilitarian design. One would expect them to look similar because their function is the same.

Likewise, one would expect their product descriptions to be similar because the products are similar. But the fact that multiple sellers sell a similar product does not support an inference that there is any logical relationship between these sellers. It certainly does not support an inference that the sellers are collaborating or colluding or are connected by a series of common transactions or occurrences. Notably, "[e]ven if the webpages were identical, it would not necessarily suggest the defendants are connected. To the contrary, it would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices." *Tang v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23-C-4587, 2024 WL 68332, at *2 (N.D. Ill. Jan. 4, 2024) (citing multiple authorities).

Plaintiff also alleges:

> On information and belief, Defendants are in constant communication with each other and regularly participate in WeChat and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

2

Dkt. 8 at ¶ 20.  Likewise, Plaintiffs allege that:

> On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property and working in active concert to offer for sale and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully infringed the Patented Designs.

Dkt. 8 at ¶ 22.  These allegations are both vague and inherently implausible.  They are implausible because they suggest that Plaintiff has "information and belief" regarding alleged communications and collaborative activity between the defendants.  Yet, Plaintiff also alleges that it possesses virtually no information about the Defendants or their commercial operations:

> Tactics are used by Defendants to conceal their identities and the full scope of their operation to **make it virtually impossible for Plaintiff to learn Defendants' true identities and their exact interworking of their network**.

Dkt. 8 at ¶ 13.  Likewise, Plaintiffs allege that:

> On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases **to prevent discovery of their true identities and the scope of their e-commerce operation**.

Dkt. 8 at ¶ 17.  Plaintiff does not indicate how it would be privy to communications between defendants whom Plaintiff cannot even identify.

The allegations in Complaint paragraphs 20 and 22 also are vague; they do not allege any *facts* per se, but rather assert a nebulous conspiracy theory.  That is not enough to sustain a pleading under the *Twombley/Iqbal* standard.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must contain "sufficient factual matter" to state a facially plausible claim to relief) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Complaint contains no *fact* allegations to support an inference that the Movants are acting collectively with the other defendants or with a manufacturer that produces identical products for all the defendants.  A court in this district recently dismissed two defendants from a "Schedule A" design patent infringement complaint on

3

facts that closely parallel those presented here. *Tang v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23-C-4587, 2024 WL 68332 (N.D. Ill. Jan. 4, 2024).

In the *Tang* case, Judge Durkin recently dismissed two defendants from a "Schedule A" case because the Plaintiff's complaint failed adequately to allege a basis for joinder under section 299. Though the Plaintiff alleged "on information and belief" that "the defendants are acting in concert with each other," Judge Durkin held that the Plaintiff's "well-pled factual allegations do not support a reasonable inference that the defendants are part of a network of infringers or that there is substantial evidentiary overlap in the claims against each of them." *Tang*, 2024 WL 68332, at *2. Judge Durkin explained that:

> This case does not involve a "swarm" of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather, it involves multiple sellers of the exact same type of product allegedly infringing on one seller's design patent. The essence of the dispute here is not infringement *en masse* but rather instances of infringement by distinct competitors.

*Tang*, 2024 WL 68332, at *3. Here, as in the *Tang* case, the Plaintiff's allegations do not plausibly tie together the defendants or the claims against them.

In effect, Plaintiff attempts to join together a very large group of unrelated defendants merely because they sell a similar product. The complaint contains *no* allegations that the Movants are acting collectively with the other defendants or with a manufacturer that produces identical products for all the defendants.

> Joinder is not suitable where a party completely fails to satisfy the 'requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent.'

*Khan v. Hemosphere Inc.*, No. 18 C 5368, 2019 WL 2137378, at *3 (N.D. Ill. May 16, 2019), *aff'd*, 825 F. App'x 762 (Fed. Cir. 2020) (quoting *Rudd v. Lux Prod. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, 2011 WL 148052, at *3 (N.D. Ill. Jan 12, 2011)). Under the circumstances, the patent joinder statue requires Plaintiff to file separate actions against the various

4

individual defendants or groups of related defendants. Movants, therefore, asks the Court to dismiss them from this lawsuit for improper joinder under section 299.

I. **CONCLUSION**

Movants Kiddie Store, Puzzle Advisor, Wheel-Go, and Taoanshangmao are not properly joined with the other defendants under 35 U.S.C. § 299. Accordingly, Movants asks this Court to dismiss them from this action for misjoinder.

Respectfully submitted,

Dated: June 25, 2024

/s/ Edward H. Rice
Edward H. Rice
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@edwardricelaw.com
(312) 953-4566

*Counsel for Defendants Kiddie Store, Puzzle Advisor, Wheel-Go, and Taoanshangmao*