**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GZ LONG YA TRADING CO., LTD., | |
| *Plaintiff*, | **CASE NO.** 24-cv-04193 |
| v. | **Judge** Jorge L. Alonso |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge** Keri L. Holleb Hotaling |
| *Defendants*. | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Defendants Lerui Home, JIAMI-US, Almilee, TEDALY-US, Taiyuan FANWER Ltd., shanxi-lerui, lerui-account, xierlemaoyi, Gome Pro, Fanwer; BittPicctHayexx (collectively "Defendant"), respectfully submits their Answer, Affirmative Defenses, Counterclaims.

**ANSWER**

**INTRODUCTION**

1.  Denied, as it relates to Defendants.

2.  Denied, as it relates to Defendants.

**JURISDICTION AND VENUE**

3.  Admitted this Court has subject matter jurisdiction over patent infringement cases.

4.  Admitted this Court has personal jurisdiction over Defendants.

5.  Admitted that Venue is proper.

**THE PARTIES**

6.  Defendants are without information to either confirm or deny the allegations set forth herein.

1

7. Defendants are without information to either confirm or deny the allegations set forth herein.

8. Defendants are without information to either confirm or deny the allegations set forth herein.

9. Defendants are without information to either confirm or deny the allegations set forth herein.

10. Admitted.

11. Denied, as it relates to Defendants.

12. Denied, as it relates to Defendants.

13. Denied, as it relates to Defendants.

**DEFENDANTS' UNLAWFUL CONDUCT**

14. Defendants are without information to either confirm or deny the allegations set forth herein.

15. Denied, as it relates to Defendants.

16. Denied, as it relates to Defendants.

17. Denied, as it relates to Defendants.

18. Denied, as it relates to Defendants.

19. Denied, as it relates to Defendants.

20. Denied, as it relates to Defendants.

21. Denied, as it relates to Defendants.

22. Denied, as it relates to Defendants.

23. Denied, as it relates to Defendants.

**COUNT I**
**Patent Infringement of United States Design Patent Nos. D986,339 and D972,038**
**(35 U.S.C. § 271)**

24. Defendant incorporates by reference the responses set forth in the preceding paragraphs.

25. Defendants are without information to either confirm or deny the allegations set forth herein.

26. Denied, as it relates to Defendants.

27. Denied, as it relates to Defendants.

28. Denied, as it relates to Defendants.

## **AFFIRMATIVE DEFENSES**

By way of further answer to Plaintiff's Complaint, Defendants incorporate all the above paragraphs as though fully set forth at length herein and assert the following affirmative defenses:

1.      While there are many different products with slight variations sold by Defendants, they can generally be divided into four categories: Accused Products 1 to 4 ("Accused Products"). *See* Decl. of Zhang, attached hereto as **Exhibit 1**, p. 5.

### **First Defense– Patent Invalidity**

2.      Examinations suggest that both U.S. Patent Nos. D972,038 and D986,339 ("Patents-in-Suit") are invalid due to the prior sale of identical items.





**Second Defense – Non-Infringement**

3. Even with the assumption of validity of the Patents-in-Suit, a detailed comparison reveals that the designs of the Accused Products are substantially different.

4. Specifically, the designs of Accused Products are plainly different from the D972,038 patent. Patent D972,038 features a double door design which is absent in the Accused Products. Instead, the Accused Products, Accused Product 4, incorporate side drawers and a flipped board with adjustable angles, a design that is plainly different from the D972,038 patent. *See* Ex. 1, ¶6.

5. Accused Product 4 features a design with a flat board and drawers. The angle is adjustable through a hinge underneath the board, further differentiating it from the design of D972,038. *Id*. at ¶7.

| Comparison of the D972,038 patent and Accused Products | |
|---|---|
| **D972,038**<br>Filing date: January 27, 2020<br><br>(stand is not a part of the claimed design) |  |
| **Accused Product 1** |  |
| **Accused Product 2** |  |
| **Accused Product 3** |  |
| **Accused Product 4** |  |

6.     Furthermore, the D986,339 patent does not feature an adjustable angle design for the flipped board, which was disclosed in prior arts. Considering the prior arts, it is evident that the adjustable angle design of the Accused Products distinctly sets them apart from the D986,339 patent, reinforcing the non-infringement nature of the Accused Products. See Ex. 1, pp. 8-11.



## COUNTERCLAIMS

### PARTIES

1.      Plaintiff is a Chinese corporation.

2.      Defendants are Chinese entities who own and operate e-commerce stores.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338.

4.      Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391.

5.      This Court has personal jurisdiction over Plaintiff because Plaintiff has submitted itself to the personal jurisdiction of this Court by commencing this action.

### COUNT ONE
### DECLARATION OF INVALIDITY OF U.S. PATENT D972,038

6.      Defendants incorporate and realleges the allegations of paragraphs 1-5 of the counterclaims.

7.      Products identical to the D972,038 patent were commercially available on-sale as early as in 2015. *See* Ex. 1, ¶3. "Specifically, a product available on Amazon.com since May 1, 2015, listed as www.amazon.com/dp/B00VQPYJFK ("ASIN B00VQPYJFK"), is identical to the design claimed in Patent No. D972,038." *Id*. A screenshot of the webpage is attached hereto as **Exhibit 2**.

8.      Additionally, the double-door design of the D972,038 patent had previously been disclosed in U.S. Design Patent D246,180, suggesting that the design was not novel at the time of the D972,038 patent application. A true and correct copy of D246,180 is attached hereto as **Exhibit 3**.

9.      The evidence strongly suggests that the D972,038 patent fails to meet the novelty requirements set forth under the on-sale bar provision, rendering it invalid. A comparison of the patented design, D246,180 patent, and the prior available products is provided in the table below.

10.     It is crucial to note that in the D972,038 patent, the stand is depicted in dotted lines and thus does not form part of the claimed design.



| | |
|---|---|
| **D972,038**<br>Filing date: January 27, 2020<br><br>(stand is not a part of the claimed design) | |
| **ASIN B00VQPYJFK**<br>www.amazon.com/dp/B00VQPYJFK<br>Image date: Dec. 24, 2017 | |
| **D246,180**<br>Filing date: January 27, 2020 | |

## COUNT TWO
## DECLARATION OF INVALIDITY OF U.S. PATENT D986,339

11.     Defendants incorporate and realleges the allegations of paragraphs 1-10 of the counterclaims.

12.     The D986,339 patent is also challenged under the on-sale bar due to evidence showing that products identical to the D986,339 patent were commercially available October 11, 2019. Specifically, a product listed on Amazon.com under ASIN B0CR32WSHF was available for purchase as early as October 11, 2019. A screenshot of the webpage is attached hereto as **Exhibit 4**.

13.     Additionally, identical design to the D986,339 patent had previously been disclosed in U.S. Design Patent D977,025, suggesting that the design was not novel at the time of the D986,339 patent application. A true and correct copy of D977,025 is attached hereto as **Exhibit 5**.



| | |
|---|---|
| **D986,339**<br>Filing date: April 22, 2022<br>(stand is not a part of the claimed design) | |
| **ASIN B0CR32WSHF**<br>https://www.amazon.com/dp/B0CR32WSHF<br>First available: October 11, 2019 | |
| **D977,025 patent**<br>Filing date: July 21, 2021 | |

14.     A comparison of the patented design, the D977,025 patent, and the products previously available as shown above reveals that the D972,038 patent does not meet the novelty requirements stipulated by the on-sale bar provision, thereby rendering it invalid.

**COUNT THREE**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT D972,038**

15.     Defendants incorporate and realleges the allegations of paragraphs 1-14 of the counterclaims.

16.     Despite the presumption of validity of the D972,038 patent, Accused Products are plainly dissimilar from the claimed design of the D972,038 patent. The patent features a double door design, absent in the all the Accused Products, which instead include side drawers and a flipped board design with adjustable angles (except Accused Product 4) — design elements that are not present in the D972,038 patent.

17.     Accused Product 4 features a design with a flat board and drawers. The angle is adjustable through a hinge underneath the board, further differentiating it from the design of D972,038. *Id*. at ¶7.

18.     These significant design differences form an overall impression that makes that the Accused Products do not appear "substantially the same" to an ordinary observer, adhering to the standard set in *Egyptian Goddess*. Comparative tables below further highlight these distinctions, affirming the non-infringement of the Accused Products.

| Perspective View Comparison of the D972,038 patent and Accused Products | |
|---|---|
| **D972,038**<br>Filing date: January 27, 2020<br><br>(stand is not a part of the claimed design) |  |
| **Accused Product 1** |  |
| **Accused Product 2** |  |
| **Accused Product 3** |  |
| **Accused Product 4** |  |



| Top View Comparison of the D972,038 patent and Accused Products | |
|---|---|
| **D972,038**<br>Filing date: January 27, 2020<br><br>(stand is not a part of the claimed design) | |
| **Accused Product 1** | |
| **Accused Product 2** | |
| **Accused Product 3** | |
| **Accused Product 4** | |

| Side View Comparison of the D972,038 patent and Accused Products | |
|---|---|
| **D972,038**<br>Filing date: January 27, 2020<br><br>(stand is not a part of the claimed design) |  |
| **Accused Product 1** |  |
| **Accused Product 2** |  |
| **Accused Product 3** |  |
| **Accused Product 4** |  |

## COUNT FOUR
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT D986,339

19.     Defendants incorporate and realleges the allegations of paragraphs 1-18 of the counterclaims.

20.     Here, the U.S. Design Patent D977,025 was filed on July 21, 2021, and U.S. Patent Application 2021/0170268 was filed on February 7, 2020, both earlier than the D986,339 patent. ("Prior Arts"). A true and correct copy of U.S. Patent Application 2021/0170267 publication was attached hereto as **Exhibit 6**. Therefore, both D977,025 patent and U.S. Patent Application 2021/0170267 are prior arts to the D986,339 patent.

21.     In line with legal precedents, a side-by-side comparison of the patented and accused designs, viewed against the prior arts, is crucial when the designs are not plainly dissimilar.

22.     One notable distinction is the adjustable angle design featured prominently in both the Prior Arts, which is conspicuously absent in the D986,339 patent.

23.     In contrast, all Accused Products incorporate this adjustable angle design, setting them clearly apart from the patented design of the D986,339 patent. This distinct feature is critical to the hypothetical ordinary observer familiar with all prior arts, as established by *Egyptian Goddess*.   The comparison tables provided below illustrate these differences clearly. The similar design elements of the Accused Products to Prior Arts, only make the differences between the patented design and the design of the Accused Product more significant to the eye of the hypothetical ordinary observer. All the differences significantly impact the overall visual perception.

24.     Therefore, an ordinary observer is likely to find that the Accused Products do not infringe upon the D986,339 patent. Thus, Plaintiff has not demonstrated a likelihood of success on the merits.

**Perspective View Comparison of D986,339, Prior Arts and Accused Products**

| | |
|---|---|
| **D986,339**<br>Filing date: April 22, 2022<br><br>(stand is not a part of the claimed design) |  |

| **Prior Art - D'025 patent**<br>Filing date: July 21, 2021 | **Prior Art – US Application** US 2021/0170268<br>Filing date: February 7, 2020 |
|---|---|
|  |  |

| **Accused Product 1** | **Accused Product 2** |
|---|---|
|  |  |

| **Accused Product 3** | **Accused Product 4** |
|---|---|
|  |  |





| Side View Comparison of D986,339, Prior Arts and Accused Products | |
|---|---|
| **D986,339**<br>Filing date: April 22, 2022<br><br>(stand is not a part of the claimed design) | |
| **Prior Art - D'025 patent**<br>Filing date: July 21, 2021 | |
| **Prior Art – US Application**<br>US 2021/0170268<br>Filing date: February 7, 2020 | |

| Accused Product 1 | Accused Product 2 |
|---|---|
| | |

| Accused Product 3 | Accused Product 4 |
|---|---|
| | |

| **Comparison of adjustable angle design of D986,339, Prior Arts and Accused Product 1** | |
|---|---|
| **D986,339**<br>Filing date: April 22, 2022<br><br>(stand is not a part of the claimed design)<br><br>***No adjustable angle design*** |  |
| **Prior Art - D`025 patent**<br>Filing date: July 21, 2021 | |
| **Prior Art – US Application**<br>US 2021/0170268<br>Filing date: February 7, 2020 | |
| **Accused Product 1** | |



**Comparison of adjustable angle design of D986,339, Prior Arts and Accused Product 2**

| | |
|---|---|
| **D986,339**<br>Filing date: April 22, 2022<br><br>(stand is not a part of the claimed design)<br><br>***No adjustable angle design*** | |
| **Prior Art - D`025 patent**<br>Filing date: July 21, 2021 | |
| **Prior Art – US Application**<br>US 2021/0170268<br>Filing date: February 7, 2020 | |
| **Accused Product 2** | |



| Comparison of adjustable angle design of D986,339, Prior Arts and Accused Product 3 | |
|---|---|
| **D986,339**<br>Filing date: April 22, 2022<br><br>(stand is not a part of the claimed design)<br><br>***No adjustable angle design*** | |
| **Prior Art - D`025 patent**<br>Filing date: July 21, 2021 | |
| **Prior Art – US Application**<br>US 2021/0170268<br>Filing date: February 7, 2020 | |
| **Accused Product 3** | |

| Comparison of adjustable angle design of D986,339, Prior Arts and Accused Product 4 |
|---|



**D986,339**
Filing date: April 22, 2022

(stand is not a part of the claimed design)

***No adjustable angle design***

**Prior Art - D`025 patent**
Filing date: July 21, 2021

**Prior Art – US Application**
US 2021/0170268
Filing date: February 7, 2020

**Accused Product 4**

***No flipped board design***,

Angle is adjustable through hinge underneath the board

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

A.  Dismissal of Plaintiff's Complaint with prejudice and entry of judgment in favor of Defendants;

B.  Judgment declaring that the Patents-in-suit have not been infringed directly, jointly, indirectly, or by equivalent by the Defendants;

C.  Judgment declaring that the Patents-in-suit are invalid and/or unenforceable pursuant to one or more statutory provisions of Title 35 of the United States Code;

D.  Award to Defendants damage caused by Plaintiff's wrongful injunction;

E.  Award to Defendants of its costs and reasonable attorney fees, together with interest, including prejudgment interest thereon; and

F.  Such other and further relief as may be deemed just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendant Garcia demands a trial by jury on all issues triable by a jury as a matter of right.

Respectfully submitted,

Date: 07/22/2024

/s/ He Cheng

He Cheng | Attorney
Palmer Law Group, P.A.
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33065
www.palmerlawgroup.com
Tel: +1 (917) 525-1495
*Attorney for Defendants*