UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

GZ LONG YA TRADING CO., LTD.,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:24-cv-04193

Honorable Jorge L. Alonso

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants Kiddie Store, Puzzle Advisor, Wheel-Go, and Taoanshangmao ("Movants") have moved the Court to dismiss them from this action for misjoinder under the patent joinder statute, 35 U.S.C. § 299. The Movants are improperly joined under section 299 because they have no connection whatsoever to the remaining defendants in this action, and they do not sell identical products from the same manufacturer or same group of manufacturers.

In opposing this motion, Plaintiff GZ Long Ya Trading Co., Ltd. ("GZ Long") offers no evidence or plausible allegation of any actual connection between the Movants and the remaining defendants. GZ Long asks the Court to infer a connection based upon the same sort of allegations that other judges in this District have addressed and rejected under essentially identical circumstances. Like many "Schedule A" plaintiffs, GZ Long here lumped the Movants in with a group of unrelated defendants to minimize its paperwork and filing fees and to obtain TRO relief *en masse* where it otherwise could not have established a likelihood of success or irreparable harm against the Movants themselves. Congress enacted a joinder rule for patent cases specifically. The Court should not allow GZ Long to evade that rule.

1

As a threshold matter, the four Movants have not argued that they are unrelated to one another or that GZ Long may not join the four of them in a single action. Rather, they state only that they are improperly joined in a pool of 85 other defendants.

GZ Long's opposition presents two categories of argument: one is specific to the Movants, and one is generic to all defendants in this case (and indeed, to most defendants in most Schedule A cases). Neither set of arguments supports joinder.

The only fact allegations that GZ Long directs to the Movants specifically address the four Movants' connection *to one another*. GZ Long argues that "For example, Defendants' Declaration acknowledges that the Moving Defendants **share common ownership and are under common control of a Chinese entity**." Dkt. 71 at 4 (emphasis in original). This fact misses the point. The issue is not whether the four Movants may be joined with *one another*, the issue is whether the four Movants may be joined with *the other defendants* in this action.

GZ Long's remaining arguments rely on speculative, generic statements that are not directed to the Movants specifically. For example, GZ Long contends that "all defendants" allegedly conceal their identities, employ the same marketing strategies, and communicate with one another in "various chatting apps." Dkt. 71 at 3. GZ Long contends that this "factual evidence" somehow shows "a logical relationship supporting joinder." Dkt. 71 at 5. But as explained in in the Movant's opening brief (Dkt.42 at 2-4), it does not.

Accused patent infringers may be joined in one action only if:

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences *relating to* the making, using, importing into the United States, offering for sale, or selling of *the same accused product or process*; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added).  As Judge Kennelly noted in the *Oakley, Inc.* case, Section 299(a)(1) has a "separate requirement" that the defendants must be "selling *the same* accused product."  *Oakley, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule "A,"* No. 21 C 536, 2021 WL 308882, at *2 (N.D. Ill. Jan. 30, 2021) (emphasis in original).

GZ Long had an opportunity to show—if it could—that all defendants, including the Movants, were selling the *same* product from a common supplier or two.  GZ Long makes no such showing and, indeed, offers no allegation addressing this "separate requirement."  For that reason alone, GZ Long cannot support joinder under section 299.

The present case is particularly compelling on this point because GZ Long's Complaint asserts *two entirely different design patents* that claim *two entirely different products*.  See Dkt. 1 at ¶ 7; Dkt. 1-1 (Exhibit 2).  In effect, GZ Long not only is joining unrelated defendants in one Schedule A case, but it also conflates two entirely separate Schedule A cases.  In so doing, GZ Long has compounded its section 299 problem by practicing misjoinder at two levels.

GZ Long also cannot support its joinder claim because it ignores the adverse authority cited in Movant's opening brief.  In *Khan v. Hemosphere Inc.* case (which Movants cited at Dkt. 42, p. 4), Judge Kendall rejected a section 299 joinder argument because the plaintiff offered no allegations "that the Defendants' actions were performed in concert or connected in any way." *Khan v. Hemosphere Inc.,* Case No. 18 C 5368, 2019 WL 2137378, at *3 (N.D. Ill. May 16, 2019), *aff'd*, 825 F. App'x 762 (Fed. Cir. 2020).  Judge Kendall also noted that "the Plaintiffs have cast as wide of a net as possible in attempt to capture all potential infringers.  This practice is plainly forbidden by § 299." *Id.*  GZ Long does not address, let alone distinguish this case.

Likewise, the Movant's opening brief cited Judge Durkin's decision in the *Tang* case (Dkt. 42, p. 3-4), where Judge Durkin stated that while the plaintiff alleges that "the defendants

are acting in concert with each other, . . . his well-pled fact allegations do not support a reasonable inference that the defendants are part of a network of infringers or that there is substantial evidentiary overlap in the claims against each of them." *Tang v. Partnerships & Unincorporated Associations Identified on Schedule A,* No. 23-C-4587, 2024 WL 68332, at *2 (N.D. Ill. Jan. 4, 2024). The *Tang* plaintiff, like GZ Long here, asked the Court to infer concerted action between the defendants based upon the "numerous similarities" between the defendants' online storefronts, the similarity of listing content, the similar pricing, the similar images, etc. *Id.* Judge Durkin rejected that inference noting that it "would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices." *Id.* The court further noted that:

> Essentially, Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in the same way. That is not sufficient to link one defendant's infringement to another as part of "the same transaction, occurrence, or series of transactions or occurrences."

*Id.* (citations omitted). GZ Long fails to address, let alone distinguish, the *Tang* case. *See also* Eric Goldman*, A Sad Scheme of Abusive Intellectual Property Litigation*, 123 Colum. L. Rev. F. 183, 198 (2023). ("Typically, in a SAD Scheme[1] case, the defendants have no relationship with each other. Instead, the rightsowner sweeps up an assemblage of alleged infringers in an online marketplace and enumerates them in a complaint. The rightsowner then generically asserts that the defendants are related to each other without providing any factual support.")

Rather than addressing the cases cited in the Movant's brief, GZ Long lists eight cases in this district that "have permitted joinder." Dkt. 71 at 7-8. GZ Long fails to note that four of them

---

[1] The article author refers to a "Schedule A Defendants Scheme" as a "SAD Scheme."

are either trademark[2] or copyright[3] cases that apply the more liberal standard of Rule 20(a) rather than Section 299. Those cases do not apply here. As the courts in this district have emphasized, a section 299 joinder analysis is fundamentally different from a joinder analysis in a trademark (or copyright) case:

> It bears noting that this Court has previously held that joinder of multiple alleged counterfeiters in a trademark action is proper under Rule 20 . . . .
>
> That is not what we have here. This case does not involve a "swarm" of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather, it involves multiple sellers of the exact same type of product allegedly infringing on one seller's design patent. The essence of the dispute here is not infringement *en masse* but rather instances of infringement by distinct competitors.

*Tang,* 2024 WL 68332, at *3.

The remaining four cases in GZ Long's string citation are design patent cases that are clearly distinguishable, either because the Court did not apply the proper section 299 standard[4] or because the plaintiff established that the defendants were selling the *same product. See, e.g., Oakley, Inc. v. P'ship & Unincorporated Ass'ns Identified on Schedule "A", No. 21-cv-00536 (N.D. Ill. Mar. 6, 2021) (Kennelly, M.)* (Docket No. 14) at p. 2 ("In its response to the show-cause order, Oakley now offers evidence, supported by affidavit, indicating that the sellers . . . appear to

---

[2] *Pink Floyd (1987) Limited v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-04406 (N.D. Ill. Oct. 21, 2021) (Valderrama, F.) (Docket No. 16); *Bose Corp. v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, No. 19-cv-07467 (N.D. Ill. Feb. 19, 2020) (Durkin, T.) (Docket No. 46).

[3] *Aidong Zou v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-cv-16600 (N.D. Ill. Mar. 8, 2024) (Kendall, V.) (Docket No. 60); *MacArthur v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, No. 24-cv-02151 (N.D. Ill. Mar. 18, 2024) (Harjani, S.) (Docket No. 18).

[4] *See Chrome Cherry Limited v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-05491 (N.D. Ill. Oct. 20, 2021) (Valderrama, F.) (Docket No. 23) (applying Fed. R. Civ. P. 20(a) rather than section 299).

be selling the *exact same product*, indicating that they all obtained it from one or a few common suppliers") (emphasis added).

GZ Long offers no evidence that *the Movants* are selling the same product as the other defendants or that *the Movants* obtain their products from the same source as the other defendants. Moreover, the Schedule "A" boilerplate allegations that GZ Long cut-and-pasted into its Complaint and opposition brief do not even include a "same product" *allegation*.

Setting aside the issue of whether the defendants sell sufficiently distinct versions of a similar design, GZ Long has asserted two different design patents in an effort to consolidate into one action two entirely distinct groups of products. In other words, GZ Long lumps together defendants who arguably sell some variation of design A with defendants who arguably sell some variation of design B. The fact that designs A and B are entirely different alone prevents GZ Long from alleging that the defendants are selling "the same" product.

Finally, GZ Long attempts to justify joinder under Section 299 on policy grounds, arguing that joinder here "does not create any unnecessary delay, nor does it prejudice any party" but it promotes "judicial economy." Dkt. 71 at 6. This argument overlooks at least three major points.

First, *proper* joinder under Section 299 promotes judicial economy without prejudicing the defendants. When the defendants are selling "the same accused product," the plaintiff's argument against one defendant likely will apply equally to all. But where—as in the present case—joinder is *improper*, any "economies" realized by lumping the defendants together are more than offset by prejudice concerns. The defendants may have entirely different defenses to the plaintiff's arguments on patent infringement, patent validity, and irreparable harm, among other things. Where the defendants' products are different, the plaintiff cannot assert generic allegations against

"all defendants" under some effort to impose "collective" liability.  This approach may be efficient, but it is prejudicial to individual defendants.

Further, *improper* joinder—joining multiple, unrelated defendants with different products into one lawsuit—allows plaintiffs to avoid paying multiple filing fees, thereby depriving the Court of revenue to which it is entitled.  As one law review article notes:

> Misjoinder plays an important role in making SAD Scheme litigation profitable.  The complaint filing fee is $402, regardless of how many defendants are named.  By combining unrelated defendants into a single case, a rightsowner can dramatically reduce its per-defendant filing costs.  For example, if the rightsowner names 200 defendants on a Schedule A instead of filing individual lawsuits against each defendant, the filing costs drop 99.5% to about $2 per defendant instead of $402 per defendant . . . .
>
> The rightsowners' windfall comes at the government's expense.  If 200 defendants are improperly joined in a single complaint, the government loses $80,000 in potential filing fees.  If that average holds true over the 3,200+ SAD Scheme cases, the SAD Scheme has cost the courts over $250 million so far.

Eric Goldman, *Sad Scheme*, 123 Colum. L. Rev. F. at 199.  In addition to cheating the court financially, misjoinder leads to judicial *inefficiencies*.

> In practice, the number [of filing fees lost due to misjoinder in Schedule A cases] would likely be substantially lower if rightsowners had to pay the full filing fee per defendant because rightsowners would not sue so many merchants; this dynamic highlights how filing fees serve an important function of screening cases that aren't worth the public costs to adjudicate them.

*Id*.  In short, there are good policy reasons for enforcing the section 299 joinder rule with a degree of rigor.  The public should not have to underwrite a Schedule "A" scheme that allows plaintiffs like GZ Long to skirt their filing fee obligations by suing unrelated defendants *en masse*.

**CONCLUSION**

Accordingly, the Movants ask the Court to dismiss them from this action for misjoinder under 35 U.S.C. § 299.

Respectfully submitted,

Dated: August 2, 2024

/s/ Marina N. Saito
Edward H. Rice
Marina N. Saito
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@edwardricelaw.com
marina@edwardricelaw.com
(312) 953-4566

*Counsel for Defendants Kiddie Store, Puzzle Advisor, Wheel-Go, and Taoanshangmao*