**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| HE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Case No.: 1:24-cv-04193 |
| v. | ) |  |
|  | ) | Dist. Judge Jorge L. Alonso |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) ) ) | Mag. Judge Keri L. Holleb Hotaling |
|  | ) |  |
| Defendants. | ) |  |

## Unopposed Motion for Extension of Time

**NOW COME** SKYSHALO, YISHAN, and VIMEXCITER ("Defendants"), by and through their undersigned counsel, and hereby request a short extension of time to respond to the Complaint, stating as follows:

1. Defendants were ostensibly served with process on June 28, 2024. [Dkt. 53].

2. Defendants have been substantively engaged in settlement discussions with Plaintiff, including the exchange of offers and evidence. Defendants require a short additional time to explore settlement, or respond to the Complaint, if ultimately necessary. Defendants submit that a short extension will not materially prejudice Plaintiff, Plaintiff has not yet moved for entry of default, and a short extension may help avoid unnecessary substantive motion practice.

3. This Court may, for good cause, extend the time by which a defendant's responses are due after the time has expired if a defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh

Circuit] to favor trials on the merits over default judgments."); *See also*, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4. Defendants respectfully request this Court extend the date on which Defendants are to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to September 6, 2024.

5. This motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

6. This is the first motion for an extension filed by Defendants in this case.

7. Plaintiff has expressed that it does not oppose the requested extension.

**WHEREFORE**, Defendants pray that the Court will enter an order:

a) extending the time for Defendants to respond to Plaintiff's Complaint until September 6, 2024.

Dated this August 8, 2024

Respectfully Submitted,

/s/ Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*