# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**CL HE**,

 an individual,

 Plaintiff,

v.

**The Partnerships And Unincorporated Associa-**

**tions Identified On Schedule "A"**

Defendants.

_____/

**Case: 24-cv-4193**

Assigned Judge: Jorge L. Alonso

Magistrate: Keri L. Holleb Hotaling

## MOTION TO DISMISS FOR MISJOINDER

Defendant TONCHEAN ("Defendant"), by and through the counsel undersigned, hereby request that this Court dismiss the instant case for misjoinder and state as follows:

## I. LEGAL STANDARD

In *Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *2 (N.D. Ill. Jan. 4, 2024), the court analyzed:

> Before the adoption of the Leahy-Smith America Invents Act of 2011, 35 U.S.C. § 100 *et seq.* ("AIA"), "it was common for patent holders . . . to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this." *Oakley, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21 C 536, 2021 WL 308882, at *1 (N.D. Ill. Jan. 30, 2021). The AIA provides that accused infringers of a patent may be joined in a single action as defendants only if a right to relief "is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering, or selling "the same accused product or process," 35 U.S.C. § 299(a)(1), and only if there are questions of fact common to all defendants that will arise, *id.* § 299(a)(2). Importantly, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b). And even if these requirements are met, joinder may still be refused "in the interest of avoiding prejudice

and delay, ensuring judicial economy, or safeguarding the principles of fundamental fairness." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

*Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *2 (N.D. Ill. Jan. 4, 2024). The court further said:

> Courts typically find that claims against different defendants arise out of the same transaction or occurrence or series of transactions or occurrences when there is a "logical relationship" between them. *Id.* at 1358. Such a relationship "requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* at 1359. Courts have "considerable discretion" and "flexibility" in determining whether a plaintiff has plausibly alleged such a relationship. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

*Id.*, at *3. It continued:

> That is not what we have here. This case does not involve a "swarm" of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather, it involves multiple sellers of the exact same type of product allegedly infringing on one seller's design patent. The essence of the dispute here is not infringement *en masse* but rather instances of infringement by distinct competitors. In other words, this case is far more like *AF Holdings*'s game of blackjack than *Bose*'s game of "whack-a-mole." To construe this set of circumstances as a cooperative occurrence like that in *Bose* is inaccurate.

> The ruling in *Bose* was also informed by the fact that none of the counterfeiters would likely appear, such that if the Court severed the defendants, the way in which Bose's claims would be litigated or managed was unlikely to change. *Id.* Indeed, *Bose* caveated that should any defendant appear and distinguish itself from the "swarm," the Court would sever that defendant in the interest of fairness. *Id.* Here, Yummy Makeup and Wings of Esa have appeared, are defending the case in earnest, and for the reasons stated, are not properly joined with the other remaining defendants.

*Id.,* at *6.

## II. ARGUMENT AND MEMORANDUM OF LAWS

### A. Allegation of In Active Concert Does Not Warrant Joinder.

In the instant case, Plaintiff alleged that "[o]n information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual prop-

erty and working in active concert to offer for sale and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences." *See* the Compl., ECF No. 1, p. 7, ¶ 22. However, the *Tang* court did not agree that such allegations were sufficient for joinder under Rule 20, where it explained, "Plaintiff's complaint falls short of showing a logical relationship. While he alleges, on information and belief, that the defendants are acting in concert with each other, R. 1 ¶ 9, his well-pled factual allegations do not support a reasonable inference that the defendants are part of a network of infringers or that there is substantial evidentiary overlap in the claims against each of them." *Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *3 (N.D. Ill. Jan. 4, 2024).

**B. Similarities of Products, Marketing, Advertising, Storefronts, Etc. Does Not Warrant Joinder.**

In the instant case, Plaintiff alleged that "Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies." Compl., ECF No. 1, p. 6, ¶ 16. Plaintiff also alleged that "[e]ven though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use." *Id.*, p. 7, ¶ 19.

Such factual allegations for the purposes of joinder under Rule 20 was refuted by the *Tang* Court. It explained:

> First, Plaintiff asserts that all of the defendants' **online storefronts share numerous similarities, such as the use of the same product images and language, including content copied from Plaintiff's listing, and similar pricing**. R. 1 ¶ 12. But that is not borne out by the examples Plaintiff attaches to his complaint. Insofar as the defendants use the same words and images, they are generally descriptive of the function of the shelves being sold (e.g., images of irons on the selves, use of "ironing board hanger"),

and the prices range significantly. *See* R. 9; *see also Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence."). Even if the webpages were identical, it would not necessarily suggest the defendants are connected. To the contrary, it would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices. *See Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21 C 514, 2021 WL 410661, at *2 (N.D. Ill. Feb. 6, 2021); *cf. Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20."). Likewise, that the defendants use the same accepted payment and checkout methods and hosting services, R. 1 ¶ 12, is simply a reflection of the fact that they operate stores through Amazon, not an indicator that they are part of a network of infringers. Such "coincidentally identical" facts do not support joinder. *In re EMC*, 677 F.3d at 1359.

*Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *3-4 (N.D. Ill. Jan. 4, 2024). (emphasis added by Defendants).

Thus, similarities of products sold, storefronts, payment receiving, languages used in the product listings, etc., do not warrant joinder under Rule 20.

**C. Similar Residence, Payment Accounts and Checkouts Do Not Warrant Joinder.**

Plaintiff alleged that "[o]n information and belief, Defendants reside and/or operate in the Peoples Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations." Compl., ECF No. 1, p. 5, ¶ 12. The *Tang* court ruled out the similarity of residence of Defendants as ground of joinder, where it explained, "[t]o the extent that he suggests a link by virtue of the fact that their companies are located in China and have similar numbers of employees, the Court is not persuaded." *Id.,* at *4. So does for the common tactics to evade enforcement and the facts of operating multiple credit and merchant accounts, where the *Tang* court said, "[a]nd the allegations that defendants in this case and others 'use of a variety of common tactics to evade enforcement efforts,' such as registering new accounts when

they receive notice of a lawsuit, shipping in small quantities, operating multiple credit card merchant accounts, and moving funds offshore, R. 1 ¶¶ 11, 13, 14, are 'highly generic and apply equally to individuals and entities engaging in activities that are not the subject of this suit.'" *Id.,* at \*4-5, citing *Ilustrata Servicos Design, Ltda. v. Partnerships & Unincorporated Associations Identified on Schedule "A",* No. 21-CV-05993, 2021 WL 5396690, at \*2 (N.D. Ill. Nov. 18, 2021). It further ruled that similarities on payment and checkout methods and hosting services do not warrant joinder:

> Likewise, that the defendants use the same accepted payment and checkout methods and hosting services, R. 1 ¶ 12, is simply a reflection of the fact that they operate stores through Amazon, not an indicator that they are part of a network of infringers. Such "coincidentally identical" facts do not support joinder. *In re EMC,* 677 F.3d at 1359.

*Id.,* at \*4.

**D. Plaintiff Conceded that Defendants Are Different and Not Affiliated to Each Other, Which Forms Ground of Misjoinder.**

In fact, Plaintiff conceded that all or at least part of the defendants in the instant case are from different entities, hence they had to allegedly communicate via WeChat and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits. *Id*., p. 7, 20. Plaintiff also expressly pleaded that "[o]n information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto." *Id*., p. 5, ¶ 13.

"When the defendants are not affiliated with one another, 'there is no evidentiary overlap in proving liability for the alleged infringement.'" *Omega v. Individuals, Bus. Enti-*

*ties, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023), quoting *NFL Props. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21-CV-05522, at *1 (N.D. Ill. Oct. 26, 2021).

In *NFL Props*, the court denied the joinder by finding "NFLP has not alleged sufficient similarity among Defendants either." *Id*., at *1 (N.D. Ill. Oct. 26, 2021). Here, Plaintiff pleaded that "[o]n information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto," Compl., ECF No. 1, p. 5, ¶ 13, "Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement efforts," i*d*., p. 7, ¶ 21, and "Defendants are individuals and business entities who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff." *Id*., p. 5, ¶ 11. Similar to *NFL Props.*, ""NFLP does not allege that every Defendant used and sold the same trademarked images," *NFL Props.*, at *1, in the instant case, Plaintiff expressly pleaded that not every defendant own more than one e-commerce store, not every defendant operate under multiple seller aliases and payment account, and not every defendant joints with other defendants in operating one ore more e-commerce stores under the Seller Aliases listed in Schedule A. Thus, joinder is inappropriate.

**E. Plaintiff's Complaint Boils Down to a Claim that Defendants infringed on His Patent in the Same Way.**

Similar to the conclusion of the *Tang* court, where it stated that"[e]ssentially, Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in

the same way," *id., at *5,* in the instant case, Plaintiff's Complaint [DE 1] boils down to a claim that the Defendants infringed on his Mark and Ling Tail Image. *See* the Complaint, ECF No. 1, generally.

**WHEREFORE**, Defendant, TONCHEAN, by and through its counsel undersigned, hereby request that this Court dismiss the instant case for misjoinder.

Respectfully submitted on August 24, 2024.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on August 24, 2024.