UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEXIN HOLDING LIMITED,<br><br>                        Plaintiff,<br><br>    v.<br><br>QUEX COMPANY, et al.,<br><br>                        Defendants. | Case No. 1:24-cv-02911<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Beth W. Jantz |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO VACATE DEFAULT JUDGMENT AND DISMISS**

Plaintiff Hexin Holding Limited ("Plaintiff"), by its undersigned counsel, respectfully submits this Response in Opposition to Defendants YISHAN and VIMEXCITER's ("Defendants") Motion to Vacate Default Judgment and Dismiss (the "Motion") [152].

Throughout the proceedings, Defendants were properly served, received multiple notices regarding this case, and hired a Chicago based attorney that appeared on at least three hearings. Defendants first received notice of these proceedings at least at early as June 16, 2024, and was served on June 29, 2024. Specifically, on June 16, Defendants' corporate representative first reached out to Plaintiff's counsel and asked for details about the case via emails in English. On July 11, 2024, Defendants hired an Illinois attorney who reached out to Plaintiff for settlement talks. Defendants' attorney made an appearance and filed a motion for extension of time to file an answer on August 8, 2024. In another two hearings subsequently held on 9/5/2024 and 9/19/2024, Defendants' attorney appeared and explicitly presented to the Court that Defendants had decided not to participate in the proceedings and would not object to a default judgment entered against them. Plaintiff moved for

default and default judgment against the Defendants on 10/4/2024 and the Court entered a default judgment on 10/10/2024.

Now, over six months after Defendants learned about this case and five months after they hired an experienced Chicago law firm, Defendants ask the Court to vacate its default judgment order and dismiss this action, pursuant to Fed. R. Civ. P. 60(b). However, Defendants' request fails to meet any of the requirements of Fed. R. Civ. P. 60(b). First, Defendants have not shown any mistake, inadvertence, surprise, or excusable neglect that constitute good cause for its default. Second, Defendants failed to take quick action by waiting for six months to participate in the proceedings. In addition, Defendants have not shown that they have a meritorious defense to the Amended Complaint. Finally, the Court has personal jurisdiction over the Defendants because they have offered, sold, and shipped infringing products to this juridical district. For these reasons, the Court should deny Defendants' Motion.

## BACKGROUND

Plaintiff brought this design patent infringement action against Defendants on May 21, 2024 and subsequently amended its complaint on May 28, 2024. [1, 8]. As shown below, Defendants offered for sale and sold infringing products bearing the design elements covered under Plaintiff's federally registered design patent US D986,339 (the "'339 Patent") without license or authorization from Plaintiff (the "Infringing Products"). Declaration of Faye Deng (the "Deng Decl.") at ¶ 2.

| Defendants' infringing product | U.S. Design Patent D986,339 |
|---|---|
| (image of infringing puzzle board product) | (patent drawing of puzzle board) |

On June 6, 2024, the Court entered a Temporary Restraining Order ("TRO") [27]. Plaintiff served the TRO on Amazon.com Inc. on June 7, 2024 and completed service of process on Defendants via the emails addresses provided by Amazon on June 29, 2024. [53]; and Deng Decl. at ¶ 3. Defendants first reached out to Plaintiff's counsel on as early as June 16 and their attorney first started communications with Plaintiff from as early as July 11, 2024. Deng Decl. at ¶ 4. Defendants' attorney Adam Urbanczyk has been practicing before this court for many years and represents hundreds of defendants in numerous Schedule A cases. Deng Decl. at ¶ 5. The Court probably remember, Mr. Urbanczyk showed up and informed the Court that Defendants had decided not to participate in the proceedings and would not object to a default judgment on at least the two hearings held on 9/5/2024 and 9/19/2024. Deng Decl. at ¶ 6. Defendants had multiple opportunities to file an answer or a motion to dismiss over the past six months yet deliberately failed to do so. Now they are seeking to set aside the default judgment based on some alleged "miscommunication" and "misunderstanding" with their attorney.

**ARGUMENT**

**I.  LEGAL STANDARD**

Rule 60(b)(1) provides that the court may relieve a party from a final judgment order for mistakes, inadvertence, surprise, or excusable neglect. *Baker v. OptionIT, Inc.*, No. 1:15-cv-2044, at *2 (N.D. Ill. Dec. 17, 2015); Fed. R. Civ. P. 60(b)(1). However, "'[i]nadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of excusable neglect,'" and "negligent handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by Rule 60(b)." *Id.*

Setting aside a default judgment under Rule 60(b)(1) is appropriate only if the movant shows: (1) good cause; (2) "quick action to respond to the default"; and (3) "a meritorious defense to the underlying allegations." *Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 560 (7th Cir. 2017) (citing

*Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). Entry of a default judgment is appropriate "where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court," *CKS Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984), and a court need not vacate a default "where the defaulting party was aware or should have been aware of its responsibility to the opposing party or the court, and failed to live up to those responsibilities through unexcused carelessness or negligence." *Id.* at 1206.

Further, "[t]he Seventh Circuit has made it clear that setting aside a default judgment is an **extraordinary remedy** to be granted in **exceptional circumstances**." *Baker v. OptionIT, Inc.,* 2015 U.S. Dist. LEXIS 168478, at *3 (N.D. Ill. Dec. 17, 2015) (emphasis added); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). "Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and courts have characterized the district court's considerable latitude in making its decision as 'discretion piled on discretion.'" *Chapter 4 Corp. v. The Partnerships, et al.*, No. 20-cv-06115 (N.D. Ill. May 12, 2021) (Docket No. 64) (citing *Wehrs*, 688 F.3d at 890). *See also Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1224 (7th Cir.1991) (when discussing the increased use of default judgments by District Court Judges to promote the efficient conduct of litigation, the Seventh Circuit said "[m]ore power to them."); *United States v. Di Mucci,* 879 F.2d 1488, 1493 (7th Cir.1989); *Grayline v. Garden Ridge*, 2007 WL 9813301 (N.D. Ill., July 13, 2007).

When determining whether federal court has jurisdiction over a foreign defendant accused of selling counterfeit products online, the Seventh Circuit has stated that:

> "First, the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 623 (7th Cir. 2022).

## II. ARGUMENT

Defendant fails to meet its high burden in requesting that the Judgment Order be set aside and the action be dismissed. Specifically, Defendants failed to establish (1) good cause, (2) that Defendants took quick action to correct it, and (3) that Defendants have a meritorious defense to the Amended Complaint. In addition, the Court has specific personal jurisdiction over the Defendants.

### i. The Court Has Specific Personal Jurisdiction Over the Defendants

Defendants first argue that they are not subject to the Court's personal jurisdiction and that the default judgment is void. Defendants also argue that Plaintiff has not alleged that Defendants shipped any products to this forum or established any sufficient contacts necessary for the Court to exercise either personal jurisdiction over Defendants. Defendants conveniently ignored the allegations made in the Amended Complaint, Plaintiff's motions for entry of a TRO, preliminary injunction, and default judgment that clearly set forth the facts that allowed the Court to properly exercise personal jurisdiction over Defendants. [8, 16, 54, 132]. Defendants have also chosen to turn a blind eye to the evidence of infringement that shows Defendant have offered for sale, sold and shipped Infringing Products to Illinois. [12, 20].

### a) Defendants purposefully availed themselves to the Court's jurisdiction

By conducting business activities in the State of Illinois and targeting directly at consumers in this Judicial District, Defendants purposefully availed themselves to the Court's jurisdiction. The Seventh Circuit has consistently held that businesses reaching out to do business with Illinois residents creates sufficient minimum contacts for jurisdiction purpose. *See, e.g., Illinois v. Hemi Grp. LLC*, 622 F3d 754, 757-58 (7th Cir. 2009) ("it is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois.").

In addition, this District has consistently exercised personal jurisdiction over non-resident e-commerce store operators. *See, e.g., Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May 14, 2020); *Volkswagen AG v. iman365-usa,* No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020); *Monster Energy Co.*, 136 F. Supp. 3d at 909 (N.D. Ill. 2015); *Christian Dior Couture, S.A.*, 2015 U.S. Dist. LEXIS 158225 at *6 (N.D. Ill. 2015).

Here, the Defendants, through their Amazon storefronts, have advertised, offered for sale, sold, and shipped puzzle tables bearing design elements covered under the '339 Patent to consumers in this Judicial District. [12, 20]. Screenshot evidence of infringement showing that Defendants have sold and shipped Infringing Products to consumers in Illinois is attached hereto as **Exhibit 1**. Defendants' infringing activity is indisputable. As Defendants have purposefully availed themselves to the privilege and benefit of conducting business in this District, the Court has personal jurisdiction over Defendant.

The cases cited by Defendants are distinct from the instant case. In *Rubik's Brand, LLC v. The P'ships, et al.*, other than operating a website accessible in Illinoi, the defendant did not actually sell any counterfeit product to consumers in Illinois. Similarly, in *Am. Bridal & Prom Indus. Ass'n, Inc.,* the plaintiff failed to show the defendant agreed to ship the product to Illinois. In *Sun Chenyan v. The P'Ships, et al.*, the defendant did nothing more than mere advertising on a website. As stated above and supported by evidence, Defendants in this case have not only offered for sale but also sold and shipped Infringing Products to consumers in Illinois.

 **b)** **Plaintiff's injury was caused by Defendants' activities in this Judicial District**

Defendants' infringing use of '339 Patent in connection with offering for sale and selling Infringing Products to consumers in this District has caused irreparable harms to Plaintiff through diminished goodwill, damages to Plaintiff's reputation, loss of exclusivity, and loss of future sales. [ 8 at ¶¶ 25-28; and 17 pp.5-8].

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).

In this case, Plaintiff is the sole lawful assignee of all right, title and interest in and to the Patented Designs. [19] at ¶ 3. Plaintiff has submitted extensive documentation proving that Defendants make, use, offer for sale, sell, and import into the United States for subsequent sale or use the same products, namely jigsaw puzzle tables, that infringe the '339 Patent. *Id.* at ¶¶ 8-10. The evidence submitted along with Plaintiff's motion for entry of a TRO clearly shows that Defendants were selling Infringing Products looking substantially similar to genuine Plaintiff products and that an ordinary observer would be deceived into thinking that the Infringing Products were the same as genuine products. *See* Exhibit 1; and [20].

A causal nexus exists between Defendants' infringing activities and each of the irreparable harms that Plaintiff is suffering. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013). Here, Defendants' infringing use of the '339 Patent in the Infringing Products is a substantial, if not the exclusive, reason for consumer demand of the Infringing Products. *See PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 5210628, at *23-24 (D. Ariz. Sept. 8, 2015), aff'd, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016) ("The Federal Circuit has explained that when the products at issue are "relatively simple," in the sense that they have a small number of features, the causal nexus requirement is easier to satisfy because the infringing feature has a large impact on demand for the products").

### c) **Exercising personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice**

Exercising personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice because (1) the Court has an interest in adjudicating the infringement claim

in this District, (2) Plaintiff has an interest in obtaining convenient and effective relief, (3) it will not cause substantial hardship to Defendants as they firstly hired attorney Urbanczyk with a local counsel in China and now a new counsel that filed the motion to vacate. Defendants were and are ready to litigate in this Court.

    ii.    **Defendants Failed To Meet Any Of The Requirements of Fed. R. Civ. P. 60(b)(1).**

        a)  **Defendants have failed to show good cause**

Defendants have not shown any mistake, inadvertence, surprise, or excusable neglect that constitute good cause for its default. Defendants first state that the $346,063 default judgment came as a surprise to Defendants. Here, limited information provided by Amazon indicates that the known revenue generated by Defendants from the sale of Infringing Products is $185,711 and $159,352. [133; 133-1]. The limited Infringing Product revenue information available to Plaintiff only includes revenue figures for a single product having a unique product identification number. *Id.* Because Defendants have failed to participate in the proceedings, Plaintiff is unable to obtain information regarding additional e-commerce stores owned by Defendants and/or additional products sold by Defendants that infringe the '339 Patent. *Id.*

Additionally, although Courts may look to the size and scope of a defendant's operations to determine a baseline for damages, "there is no necessary mathematical relationship between the size of a statutory damages award and the extent or profitability of the defendant's wrongful activities." *Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *6 (N.D. Ill. June 18, 2015). "Statutory damages not only compensate the injured party, but also 'discourage wrongful conduct.'" *Deckers Outdoor Corp. v. Australian Leather Pty*, 2020 U.S. Dist. LEXIS 150474, at *13 (N.D. Ill. July 13, 2020) citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). Finally, the award here falls within the reasonable range and aligns with the Court's decisions in other similar cases.

Defendant also cites "miscommunication" and "misunderstanding" with its previous counsel as good cause for the default. However, the Seventh Circuit has stated that "attorney negligence can never provide a basis for Rule 60(b) relief." *Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 508–09 (N.D. Ill. 1995) (citing, *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1118 (7th Cir.1994)); *see Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, ft. 10 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent[,]" and noting the proper remedy is a malpractice suit against the attorney").

On July 11, 2024, Defendants hired a Chicago based attorney Adam Urbanczyk to represent them in this action. Deng Decl. at ¶ 4. Mr. Urbanczyk has been practicing before this court for many years and is specialized in Schedule A cases. Deng Decl. at ¶ 5. Mr. Urbanczyk made an appearance and filed a motion for extension of time to file an answer on August 8, 2024. [82-84]. In another <u>two hearings subsequently held on 9/5/2024 and 9/19/2024</u>, Mr. Urbanczyk appeared and explicitly presented to the Court that Defendants had decided not to participate in the proceedings and would not object to a default judgment entered against them. Deng Decl. at ¶ 6. Defendants' argument that they did not instruct prior counsel to and had no knowledge that prior counsel represented to the court that Defendants consented to entry of a default judgment against them is lacking credibility. There were consistent communications between Mr. Urbanczyk's office and Plaintiff regarding settlement discussion from 7/11/2024 to 8/29/2024 and Mr. Urbanczyk's office never indicated that there were communications issues between it and the Defendants. Deng Decl. at ¶ 7. The fact that Mr. Urbanczyk showed up in the two hearings in September indicates that he correctly conveyed Defendants' decision to the Court.

Here, Defendants at least had four opportunities to attend court hearings (8/14/2024, 9/5/2024, 9/19/2024, and 10/10/2024) and actually participated in the first three and unambiguously presented to the Cour that they would not object to a default judgment. Defendants have expended

significant court recourses and had multiple opportunities to file an answer or a motion but chosen not to do so. Defendants have deliberately decided to roll the dice and try to exact a settlement rather than filing an answer under multiple chances graciously given by the Court. Defendants cannot use gamesmanship by trying to settle before a default judgment and moving to vacate the judgment when settlement failed. "Miscommunication" and "misunderstanding" as alleged by Defendants in this case if constituting good cause to vacate the default judgment, other defendants would follow suit and do the same thing. Not to mention that Mr. Urbanczyk's China office is staffed with Chinese-speaking attorney that was engaging in the settlement talks on behalf of Defendants from July through September 2024. Deng Decl. at ¶ 8.

    b) **Defendants did not act quickly**

Throughout the proceedings, Defendants were properly served, received multiple notices regarding this case. Defendants was served on June 29, 2024. [53]. On July 11, 2024, Defendants hired a Chicago based law firm who reached out to Plaintiff for settlement talks. Defendants' attorney attended three hearings on their behalf held on 8/14/2024, 9/5/2024 and 9/19/2024. On the last two hearings, Defendants' attorney appeared and explicitly presented to the Court that Defendants had decided not to participate in the proceedings and would not object to a default judgment entered against them.

Defendants had *three months* before the 9/19/2024 hearing to file an answer or a motion. Defendant have willfully and deliberately chosen to not participate in the proceedings. This is different from some cases where a defendant first learned about the lawsuit after a judgment has been entered. Defendants here have expended significant amount of court resources and time of Plaintiff's counsel. Defendants' failure to file an answer before the default judgment was entered is equivalent to accepting default judgment.

    c) **Defendants do not have a meritorious defense**

Defendants' alleged defense denying infringement and alleging the '339 Patent being invalid is nothing more than a bare legal conclusion. A meritorious defense need not be "a clearly victorious argument, but it must contain more than 'bare legal conclusions.'" *Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 560 (7th Cir. 2017); Wehrs, 688 F.3d at 890 (explaining that a meritorious defense must "raise[] a serious question regarding the propriety of a default judgment and" have support from "a developed legal and factual basis" *Wehrs v. Wells,* 688 F.3d 886, 890 (7th Cir. 2012). Here, Defendants' non-infringement and invalidity claims are typical in these types of cases, with nothing resembling the legal and factual support necessary to mount a meritorious defense. If Defendants had truly believed they had a good chance to win in the court, they would have filed an answer or a motion six months ago.

## CONCLUSION

Despite of being timely and properly served, Defendant did not bother to file an answer or otherwise respond to the Complaint. Defendant has willfully ignored its responsibilities to the Court and opposing party and chosen not to participate in the proceeding with the degree of diligence and expediency prescribed by trial court. Nor has Defendant presented any good cause to justify its failure to live up to its responsibilities.

For the foregoing reasons, Defendant's Motion to Vacate the Default Judgment and Dismiss should be denied.

Date: January 16, 2025                             Respectfully submitted,

*/s/ Faye Yifei Deng*
Faye Yifei Deng
YK Law LLP
445 S Figueroa Street, Suite 2280
Los Angeles, California 90071
Telephone: (213) 401-0970
Email: fdeng@yklaw.us

*Attorney for Plaintiff GZ Long Ya Trading Co., Ltd.*