UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GZ Long Ya Trading Co., Ltd.,

    Plaintiff,

v.

The Partnerships and Unincorporated
Associations Identified on Schedule "A",

    Defendants.

Case No. 24 C 4193

Honorable Jorge L. Alonso

## Memorandum Opinion and Order

Several motions are pending before the Court:

- Defendant Tonchean's motion to dismiss for misjoinder (ECF No. 110);

- Tonchean's motion to dismiss for lack of personal jurisdiction (ECF No. 111);

- Defendant Hexinlian's motion to unseal and for leave to file a late answer (ECF No. 150); and

- Defendants YISHAN and VIMEXCITER's motion to vacate default judgment and dismiss (ECF No. 152).

For the reasons below, the Court denies each motion.

## Background

In May 2024, Chun Ling He sued various defendants listed on the "Schedule A" attached to the complaint for alleged patent infringement. (ECF No. 1.) Specifically, he alleged that the defendants infringed two design patents related to a jigsaw puzzle table by offering for sale and selling infringing products on their e-commerce stores. (*See id.*) A week later, the complaint was amended to name GZ Long Ya Trading Co., Ltd. as Plaintiff. (ECF No. 8.) At Plaintiff's request, the Court issued a temporary restraining order and preliminary injunction against the then-

pending defendants which froze the financial accounts of those defendants' e-commerce stores hosted by third-party online marketplace platforms (such as those accessible at amazon.com, walmart.com, ebay.com, and wayfair.com). (ECF Nos. 27, 115.) In the months that followed, Plaintiff dismissed or obtained default judgment against nearly all defendants.[1]

On August 8, Defendants YISHAN and VIMEXCITER, along with another defendant, moved for an extension to their deadline to respond to the complaint until September 6, 2024, which the Court granted. (ECF Nos. 83, 93.) They ultimately did not file any answer or other response to the complaint.

On August 9, 2024, Plaintiff moved for partial default and default judgment against several pending defendants (not including YISHAN, VIMEXCITER, or Tonchean), which the Court granted. (ECF Nos. 86, 104.) On August 24, 2024, Tonchean filed a pending motion to dismiss for misjoinder and a pending motion to dismiss for lack of personal jurisdiction, which have been briefed.[2] (ECF Nos. 110–11.)

On October 4, 2024, Plaintiff moved for default judgment against YISHAN and VIMEXCITER, which the Court granted on October 15, 2024. (ECF Nos. 132, 136–37.) On December 4, 2024, YISHAN and VIMEXCITER filed their pending motion to vacate the Court's default and default judgment and dismiss Plaintiff's claims against them. (ECF No. 152.)

## Discussion

The Court addresses each of Tonchean's motions to dismiss then addresses YISHAN and VIMEXCITER's motion to vacate default judgment and dismiss.

---

[1] In particular, Plaintiff and Defendant Hexinlian filed a stipulation of dismissal which confirmed that Hexinlian's pending motion for leave to file a late answer is now moot. (ECF No. 154.) The Court therefore denies Hexinlian's motion (ECF No. 150) as moot.

[2] Tonchean did not file a reply in support of its motion to dismiss for lack of personal jurisdiction.

2

I. **Tonchean's motion to dismiss for lack of personal jurisdiction (ECF No. 111)**

Tonchean argues that the Court lacks general or specific personal jurisdiction over it because the sole existence of its e-commerce website is not enough to show that it directed activities at Illinois or its residents. Plaintiff agrees that Tonchean is not subject to the Court's general personal jurisdiction but claims that it is subject to the Court's specific personal jurisdiction.

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged personal injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Exercising specific personal jurisdiction "must also comport with traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Having an 'interactive website' . . . should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). However, a defendant's commercial website can give rise to specific personal jurisdiction when the defendant "stood ready and willing to do business with Illinois residents" and "knowingly did do business with Illinois residents." *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010).

As Plaintiff points out, Tonchean's contacts go beyond merely having an interactive website that is available to Illinois residents. Instead, Plaintiff references website screenshots and

3

sales data[3] showing that Tonchean has offered for sale, sold, and shipped to Illinois addresses allegedly infringing products that form the basis of this case. Tonchean does not dispute this evidence or reply to Plaintiff's arguments that the evidence establishes minimum contacts, Plaintiff's claim arises out of those contacts, and exercising personal jurisdiction over Tonchean would not offend traditional notices of fair play and substantial justice. Based on the uncontested record, the Court finds that Plaintiff has sufficiently shown that the Court has specific personal jurisdiction over Tonchean. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) (affirming finding of personal jurisdiction where the party "established an online store, using a third-party retailer, Amazon.com," "asserted a willingness to ship goods to Illinois," and "intentionally shipp[ed] an infringing product to the customer's designated Illinois address"); *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020) (upholding exercise of personal jurisdiction where "Illinois is among the 'ship-to' options," Illinois purchasers "receive an email . . . thanking them for their business, confirming their order, and listing the Illinois shipping address," and the defendant "admittedly sold its . . . product to 767 Illinois residents"). The Court therefore denies Tonchean's motion to dismiss for lack of personal jurisdiction.

## II. Tonchean's motion to dismiss for misjoinder (ECF No. 110)

All defendants except Tonchean have been dismissed or have defaulted, and the Court does not vacate default judgment against YISHAN or VIMEXCITER as explained below. Thus, Tonchean is the only remaining defendant in this case and does not contest that its misjoinder

---

[3] Plaintiff's purported sales data appears on the docket as a series of blacked-out pages that are not viewable to the Court. (*See* ECF No. 128-3.) However, Tonchean does not dispute the existence or meaning of this sales data, and the other produced evidence nevertheless is sufficient to show that the Court may exercise personal jurisdiction over Tonchean.

4

arguments are now moot. (*See* ECF No. 156.) The Court accordingly denies without prejudice Tonchean's motion to dismiss for misjoinder as moot.

### III. YISHAN and VIMEXCITER's motion to vacate default judgment and dismiss (ECF No. 152)

YISHAN and VIMEXCITER move to vacate the default judgment entered against them under Federal Rules of Civil Procedure 60(b)(1), (b)(4), and (b)(6), claiming that their failure to contest default judgment was due to mistake, inadvertence, or excusable neglect and that the Court lacked personal jurisdiction over them and so the judgment was void.

A court may grant relief under Rule 60(b) from a judgment or order based on, among other things: mistake, inadvertence, surprise, or excusable neglect; the judgment being void; or any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Rule 60(b) standard for setting aside a default judgment is more stringent than the Rule 55(c) good-cause standard for setting aside entry of default, though caselaw "articulates a policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020); *see also* Fed. R. Civ. P. 55(c). Under that good-cause standard, a defendant "must show (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic*, 961 F.3d at 949 (cleaned up). "These same requirements, although more strictly applied, must be met to set aside a default judgment under Rule 60(b)." *Id.* The Court evaluates each of YISHAN and VIMEXCITER's claimed Rule 60(b) grounds below.

5

### a. Rule 60(b)(1): Mistake, inadvertence, surprise, or excusable neglect

Rule 60(b)(1) allows a court to relieve a party from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The rule "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). "Relief from default judgment will be granted only where actions leading to default were not willful, careless, or negligent, also referred to as 'excusable neglect.'" *Arwa Chiropractic*, 961 F.3d at 949.

YISHAN and VIMEXCITER claim that a miscommunication or misunderstanding occurred that resulted in the Court granting default against them. At a September 5, 2024 hearing, their counsel up to that point—Adam Urbanczyk, whose appearance for both parties remains on file—suggested that his representation may have been terminated and stated that though YISHAN and VIMEXCITER had been in settlement discussions with Plaintiff, he believed they had decided "to just walk away from the process." The Court noted that YISHAN and VIMEXCITER's answer was due the next day—it had previously been extended at their request. Neither YISHAN nor VIMEXCITER filed an answer or other response to Plaintiff's complaint.

At a September 19, 2024 hearing, Plaintiff's counsel recollected that YISHAN and VIMEXCITER "had decided not to proceed" based on what was represented at the September 5 hearing and stated that Plaintiff planned to move for entry of default and default judgment against them. Mr. Urbanczyk was present and did not dispute that account, and no one else appeared on YISHAN's or VIMEXCITER's behalf. Plaintiff moved for default and default judgment against YISHAN and VIMEXCITER on October 4, 2024. (ECF No. 132.)

At the October 10, 2024 hearing on Plaintiff's motion for default and default judgment against YISHAN and VIMEXCITER, a different attorney—Brian Swift, who works at the same law firm as Mr. Urbanczyk—appeared on behalf of those defendants and said that they did not oppose default. The Court also explained that neither YISHAN nor VIMEXCITER had answered Plaintiff's complaint and the time to do so had expired; thus, the complaint was uncontroverted. The Court accordingly granted Plaintiff's motion and entered default and default judgment on October 15, 2024 against YISHAN and VIMEXCITER based on their counsel's non-opposition but also because those defendants had not defended against Plaintiff's claims.

YISHAN and VIMEXCITER have now resurfaced months later and claim that its counsel's representations of non-opposition to default were unauthorized and resulted from an unspecified "miscommunication or misunderstanding between foreign a[nd] local counsel" and thus the default judgment against them should be vacated.

The Court disagrees. On multiple occasions over several weeks, YISHAN and VIMEXCITER, through multiple counsel, explained that not only had settlement discussions broken down, but they also did not oppose entry of default. Even if these representations were unauthorized or the result of some unexplained miscommunication, that does not change the fact that YISHAN and VIMEXCITER failed to answer Plaintiff's complaint, thus subjecting them to default. Default thus still would have been appropriate because YISHAN and VIMEXCITER did not answer the complaint or take any other action in the case even after receiving an extension and after settlement discussions had broken down. *See Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015) ("To obtain relief . . . a litigant must show that both its own conduct and its lawyer's fit the category of 'excusable' neglect."). But beyond that, YISHAN and VIMEXCITER are bound by their counsel's multiple representations that they did not

oppose default, and thus relief from the resulting default judgment is not justified. *See Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015) ("[L]itigants are bound by the acts and omissions of their chosen agents, including lawyers, and [] legal bungling therefore does not justify reopening a judgment."); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1118 (7th Cir. 1994) ("[C]ounsel's negligence, whether gross or otherwise, is never a ground for Rule 60(b) relief."); *Lumbermen's Inv. Corp. v. Provo*, 748 F. Supp. 635, 637 (N.D. Ill. 1990) (finding that an attorney's alleged failure to adequately protect against default judgment did not justify relief under Rule 60(b)).

YISHAN and VIMEXCITER do not explain what they intended to do in this case other than subject themselves to default and do not seem to dispute that, one way or another, they unsurprisingly put themselves in default by their actions and inactions, which does not warrant relief. *See Pearson v. Target Corp.*, 893 F.3d 980, 985 (7th Cir. 2018) ("[U]sually a strategic decision is enough to support the denial of a Rule 60(b)(1) motion."). Given YISHAN and VIMEXCITER's failure to meet the Court's deadlines and orders and defend against Plaintiff's claims for months, and their counsel's representations that they would accept default, the Court does not find mistake, excusable neglect, or other grounds to vacate the default judgment entered against them. *See Arwa Chiropractic*, 961 F.3d at 949 (finding no good cause or excusable neglect where the defaulting party "has failed to appear or offer any explanation for its default"); *see also United States v. $10,000.00 in U.S. Funds*, 52 F.3d 329, 1995 WL 216871, at *4 (7th Cir. 1995) ("The Arnolds' access to some legal counsel made their task of showing 'good cause' for default or 'excusable neglect' under Rule 60(b)(1) more difficult."); *Jones*, 39 F.3d at 165 (finding no "quick action" to vacate default judgment where motion to vacate was brought nearly

8

five weeks after entry of default judgment and the defaulting party "was quite capable of securing counsel to rectify the problem").

### b. Rule 60(b)(4): Void judgment

YISHAN and VIMEXCITER next argue that the Court lacks personal jurisdiction over them and thus the default judgment is void and the case should be dismissed because they merely operate interactive e-commerce websites, which are not enough for specific personal jurisdiction.

Like Tonchean, YISHAN and VIMEXCITER have Illinois contacts that go beyond merely operating interactive websites that are accessible in Illinois. With its response, Plaintiff provided documentary evidence that YISHAN's and VIMEXCITER's allegedly infringing products are offered for sale and shipping, and have been sold and shipped, to consumers in this District. YISHAN and VIMEXCITER do not contest this evidence or its jurisdictional importance, and the Court finds that YISHAN and VIMEXCITER were properly subject to the Court's personal jurisdiction given their undisputed Illinois contacts. *See NBA Props.*, 46 F.4th at 624; *Curry*, 949 F.3d at 399. The default judgment against them thus is not void, and relief under Rule 60(b)(4) is unwarranted.

### c. Rule 60(b)(6): Any other reason justifying relief

YISHAN and VIMEXCITER alternatively ask the court to vacate the default judgment against them under Rule 60(b)(6)'s catch-all provision authorizing relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But they do not explain what those reasons are other than those already discussed for Rules 60(b)(1) and 60(b)(4). *See Kemp v. United States*, 596 U.S. 528, 533 (2022) (Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable," and "[e]ven then, extraordinary circumstances must justify reopening" (cleaned up)). Given YISHAN and VIMEXCITER's failure to litigate this case, and

9

their counsel's representations, the Court does not find extraordinary circumstances to warrant setting aside default judgment. *Braun v. Vill. of Palatine*, 56 F.4th 542, 554 (7th Cir. 2022) ("Braun failed to identify any extraordinary circumstances to justify his request for relief."); *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("A lawyer who inexcusably neglects his client's obligations does not present exceptional circumstances."). The Court therefore does not vacate the default judgment entered against YISHAN and VIMEXCITER.

## Conclusion

The Court denies Tonchean's motion to dismiss for misjoinder (ECF No. 110) as moot, denies Tonchean's motion to dismiss for lack of personal jurisdiction (ECF No. 111), denies Hexinlian's motion to unseal and for leave to file late answer (ECF No. 150) as moot, and denies YISHAN and VIMEXCITER's motion to vacate default (ECF No. 152). Within 14 days of entry of this order, Plaintiff and Tonchean shall submit a joint status report, including a proposed case schedule.

SO ORDERED.  ENTERED: February 26, 2025

**HON. JORGE ALONSO**
**United States District Judge**