**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GZ LONG YA TRADING CO., LTD., | Case No. 1:24-cv-04193 |
| Plaintiff, | Honorable Jorge L. Alonso |
| | Magistrate Judge Keri L. Holleb Hotaling |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

_____/

**DEFENDANT TONCHEAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Tonchean (the "Defendant"), by and through undersigned counsel, opposes Plaintiff's Motion for Summary Judgment, Damages Award, and Injunctive Relief (Dkt. 201). Genuine issues of material fact exist regarding infringement of U.S. Design Patent No. D986,339 (the "'339 Patent"), precluding summary judgment. Fed. R. Civ. P. 56(a).

**I. LEGAL STANDARD**

Summary judgment is appropriate only if no genuine dispute of material fact exists and the movant deserves judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts view evidence in the light most favorable to the non-movant and draw reasonable inferences in its favor. *Id*. at 255.

Design patent infringement requires proof that an ordinary observer, familiar with prior art, would deem the accused design substantially similar to the patented design, inducing purchase of one supposing it the other. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Design patents protect only ornamental features, not functional ones. Id. at 680; *Sport Dimension, Inc. v. Coleman Co., 820 F.3d 1316*, 1320 (Fed. Cir. 2016). Courts filter out functional elements in comparison. *Id.*

## II. GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT

### A. Many Features of the '339 Patent Are Functional, Not Ornamental

The '339 Patent claims the ornamental design for a "puzzle table." However, its prominent features serve functional purposes and receive no protection.

- The overall configuration—tilting tabletop with legs, drawers, and cover—optimizes puzzle assembly (sorting, storage, portability, and tilt for ergonomics).

- Drawers (four, with specific placement) function for piece sorting and storage.

- Tilting mechanism and legs enable adjustable height/angle for comfort and space-saving.

- Cover protects unfinished puzzles.

These elements are dictated by utility, not ornamentation. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015) (functional aspects unprotected); *Sport Dimension*, 820 F.3d at 1322 (factor out utilitarian features). Alternative designs exist (e.g., flat tables, different drawer counts, non-tilting), but the claimed combination is largely functional. Plaintiff cannot rely on these for infringement.

### B. Genuine Issues Exist as to Plaintiff's Standing

Plaintiff has failed to establish undisputed facts supporting its standing as the assignee and exclusive rights holder of the '339 Patent.

- Plaintiff relies on the Amended Complaint and an assignment document to claim sole assignee status and prior exclusive license (Plaintiff's SOF ¶¶ 1, 2, 5, 6, 7). However, the referenced license agreement is not attached or produced, and the licensee identified in supporting documents has a different name from Plaintiff. (Defendant's Response to SOF ¶¶ 1, 2, 5, 7).

- Plaintiff further asserts prior exclusive rights to sell under the "SHIWAGIN" brand and long-term sales/promotion (Plaintiff's SOF ¶¶ 7, 8). These facts are disputed, as they rely on a self-serving declaration without corroborating evidence such as the license agreement. (Defendant's Response to SOF ¶ 8).

- Plaintiff's claim of broad consumer recognition and top-seller status is similarly unsupported beyond the declaration. (See Defendant's Response to SOF ¶ 9 (disputed as self-serving)).

These disputes create genuine issues regarding Plaintiff's ownership, assignment, and exclusive rights, which are threshold requirements for standing in a patent infringement action. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235–36 (Fed. Cir. 2019) (assignee must prove transfer of all substantial rights). Summary judgment cannot be granted where standing is contested on these grounds**.**

### C. Many Features of the '339 Patent Are Functional, Not Ornamental

Even assuming standing, the '339 Patent claims the ornamental design for a "puzzle table." However, its prominent features serve functional purposes and receive no protection.

- The overall configuration—tilting tabletop with legs, drawers, and cover—optimizes puzzle assembly (sorting, storage, portability, and tilt for ergonomics).

- Drawers (four, with specific placement) function for piece sorting and storage.

- Tilting mechanism and legs enable adjustable height/angle for comfort and space-saving.

- Cover protects unfinished puzzles.

**Figure 1: Comparison**



| | |
|---|---|
| `339 Patent | |
| TOCHEAN's Product | |

These elements are dictated by utility, not ornamentation. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015) (functional aspects unprotected); *Sport Dimension*, 820 F.3d at 1322 (factor out utilitarian features). Alternative designs exist (e.g., flat tables, different drawer counts, non-tilting), but the claimed combination is largely functional. Plaintiff cannot rely on these for infringement.

### C. Tonchean's Product Differs Significantly in Ornamental Aspects

Even considering protected ornamental features, no ordinary observer would find Tonchean's product substantially similar to the '339 Patent. See Figure 1 above.

Key differences include:

- Drawer configuration and handles — Tonchean's drawers feature different pulls, framing, and pull-out extensions; the '339 Patent shows plain faces or lacks these details.

- Cover support and overall structure — Tonchean uses distinct support elements and a more modern/minimalist appearance with exposed wood grain and different compartment dividers; the '339 Patent conveys a bulkier, more compartmentalized look.

These differences are evident in side-by-side comparisons (see attached Exhibits A, B, and C: Tonchean product photographs from Wayfair/Amazon listings showing multi-angle views, extended drawers, tilt positions, and cover configurations). An ordinary observer (puzzle enthusiast familiar with prior art) would note these distinctions and not be deceived. *See Egyptian Goddess*, 543 F.3d at 678.

Plaintiff's motion relies on broad similarities in functional elements, ignoring these ornamental distinctions and improperly claiming protection over utility.

## III. CONCLUSION

Genuine disputes exist regarding Plaintiff's standing and whether Tonchean's design infringes the ornamental aspects of the '339 Patent under the ordinary observer test, after excluding functional features. Summary judgment should be denied.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
The Law Offices of James Liu PLLC
Counsel for Defendant Tonchean

Dated: January 6, 2026

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this Jan. 6, 2026.

/s/ Jianyin Liu