# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GZ LONG YA TRADING CO., LTD.,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendants.

_____/

Case No. 1:24-cv-04193
Honorable Jorge L. Alonso
Magistrate Judge Keri L. Holleb Hotaling

## DEFENDANT TONCHEAN'S LR 56.1(b)(3) RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Defendant responds to Plaintiff's Local Rule 56.1(a)(2) Statement (Dkt. 202) as follows:

1.      Plaintiff is the sole lawful assignee of all right, title, and interest in and to the U.S. Design Patent No. D986,339 (the "'339 Patent"). *See* Amended Complaint, Dkt No. 8 at ¶ 6; attached as Exhibit 1.

Response: Disputed. No license agreement is attached.

2.      Plaintiff was the sole entity that was granted a licensed to use the '339 Patent before becoming the assignee. *See* Amended Complaint, Dkt No. 8 at ¶ 6; attached as Exhibit 1.

Response: Disputed. No license agreement is attached.

3.      The '339 Patent was lawfully issued on May 16, 2023, and the inventor is William Huang. *See* Patent Registration Certificate, Dkt No. 8-1; attached as Exhibit 2.

Response: No dispute.

4.      The '339 Patent covers "[t]he ornamental design for a puzzle table." *See* Patent Registration Certificate, Dkt No. 8-1; attached as <u>Exhibit 2.</u>

Response: No dispute.

5.      Plaintiff received all rights, interest, and title associated with the '339 Patent as a result of the assignment executed on April 24, 2024. *See* Patent Assignment, Dkt No. 8-2; attached as <u>Exhibit 3.</u>

Response: Disputed. The licensee has a different name from that of Plaintiff.

6.      The assignment was duly recorded with the U.S. Patent and Trademark Office, Plaintiff is the sole assignee of the '339 Patent. *See* Patent Assignment, Dkt No. 8-2; attached as <u>Exhibit 3</u>; *also* Amended Complaint Dkt No. 8 at ¶ 8; attached as <u>Exhibit 1</u>.

Response: No dispute.

7.      Before the '339 Patent was assigned to Plaintiff, Plaintiff had been the sole licensee to sell genuine jigsaw puzzle tables incorporating the '339 Patent under the brand "SHIWAGIN". *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 5; attached as <u>Exhibit 4</u>.

Response: Disputed. The licensee has a different name from that of Plaintiff.

8.      Plaintiff had been advertising, promoting, and selling SHIWAGIN jigsaw puzzle tables for years before Tonchean's infringing activities sabotaged Plaintiff's business. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 5; attached as <u>Exhibit 4</u>.

Response: Disputed. The declaration is self-serving.

9.      The '339 Patent is broadly recognized by consumers, and Plaintiff's e-commerce store was ranked as top seller on online ecommerce platforms. *See* Declaration of Zehao

Jia, Dkt. No. 19 at ¶ 5; attached as Exhibit 4.

Response: Disputed. The declaration is self-serving.


10.     The '339 Patent is a valuable asset of Plaintiff and Plaintiff's business success heavily relies on its exclusive use of the '339 Patent. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 5; attached as Exhibit 4.

Response: Disputed. The declaration is self-serving.

11.     The '339 Patent is distinctive when applied to genuine jigsaw puzzle tables. *See Declaration of Zehao Jia, Dkt. No. 19 at ¶ 6; attached as Exhibit 4.*

Response: Disputed. The declaration is self-serving.


12.     When Plaintiff contracts with others to manufacture jigsaw puzzle tables, Plaintiff has ensured that the genuine products are made to a very high-quality standard and good product feel. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 6; attached as Exhibit 4.

Response: Disputed. The declaration is self-serving.

13.     The creative feature of the '339 Patent has made genuine jigsaw puzzle tables widely recognized and enjoyed among consumers. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 6; attached as Exhibit 4.

Response: Disputed. The declaration is self-serving.

14.     The broad recognition among consumers, goodwill and reputation associated with the '339 Patent has made them a valuable asset of Plaintiff. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 6; attached as Exhibit 4.

Response: Disputed. The declaration is self-serving.

15.     The success and popularity of genuine jigsaw puzzle tables have resulted in significant infringement of the '339 Patent. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 7; attached as <u>Exhibit</u> <u>4</u>.

Response: Disputed. The declaration is self-serving.

16.     Tonchean is an e-commerce seller on Wayfair and owned and controlled by a Chinese entity named Ganzhou Tong Cheng An E-Commerce Co., Ltd. *See* Defendant's Response to Plaintiff's RFP at p 4; attached as <u>Exhibit 5</u>.

Response: No dispute.

17.     Tonchean was offering for sale and selling puzzle table substantially similar to the '339 Patent, if not the same, without authorization or license (the "Infringing Products") through its Wayfair e-commerce store. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 7; attached as <u>Exhibit 4</u>.

Response: Disputed. The declaration is self-serving.

18.     Plaintiff has not licensed or authorized Tonchean to use the '339 Patent, and Tonchean is not an authorized retailer of genuine Plaintiff's puzzle tables. *See* Declaration of Zehao Jia, Dkt. No. 19 at ¶ 7; attached as <u>Exhibit 4</u>.

Response: Disputed. The licensee has a different name from that of Plaintiff.

19.     Information provided by Wayfair shows that Tonchean has sold at least 402 units of accused Products to the U.S., including dozens of units within this Judicial District, generating a net revenue of at least $55,300. *See* Plaintiff's Response to Defendant's RFP at pp 192-198; attached as <u>Exhibit 6</u>.

Response: No dispute.

20.    Plaintiff filed its Complaint, which was subsequently amended on May 28, 2024, for patent infringement against a number of Defendants on Schedule A, including Defendant. *See* Amended Complaint; attached as <u>Exhibit 1.</u>

Response: No dispute.

21.    Defendant Tonchean is the only remaining defendant in this action and all other defendants have either been dismissed or had a default judgment entered against them. *See* Declaration of Faye Yifei Deng, at ¶ 2; attached as <u>Exhibit 7</u>.

Response: No dispute.

22.    Plaintiff submitted screenshot evidence of infringement pertaining to Defendant on May 28, and September 26, 2024. *See* Dkt. Nos. 12, and 128-2; attached as <u>Exhibit 8.</u>

Response: No dispute.

23.    Defendant offered for sale and sold puzzle tables bearing the '339 Patent under the name "1500pcs Jigsaw Puzzle Tables with Drawers and Cover, Boards with Legs". *See* Dkt. Nos. 12, and 128-2; attached as <u>Exhibit 8.</u>

Response: Disputed. There are visually prominent difference in:

- Drawers (four, with specific placement) function for piece sorting and storage.

- Tilting mechanism and legs enable adjustable height/angle for comfort and space-saving.

- Cover protects unfinished puzzles.

*See* Figure 1 below. Product images are attached as Exhibit A, B and C.

**Figure 1: Comparison**



| `339 Patent | |
| TOCHEAN's Product | |

24.     On June 6, 2024, this Court issued a Temporary Restraining Order (the "TRO"),

and Paragraph 3 of the TRO permitted Plaintiff to issue expedited written discovery to

Defendant with Defendant's responses due within ten (10) business days. *See* Dkt. No.

27; attached as Exhibit 9.

Response: No dispute.

25.    Defendant was properly served on August 6, 2024. *See* Dkt. No. 109; attached as Exhibit 10.

Response: No dispute.

26.    On August 24, 2024, Defendant filed a Motion to Sever for Misjoinder and a Motion to Dismiss for Lack of Jurisdiction, Plaintiff filed its Responses in Opposition on September 26, 2024, the Court denied both Motions on February 26, 2025. *See* Dkt. Nos. 110, 111, 128, 129, 168; attached as Exhibit 11.

Response: No dispute.

27.    On October 21, 2024, Defendant filed a Motion to Stay Limited Scope Discovery and withdrew the motion later that same day. *See* Dkt. Nos. 138, 139; attached as Exhibit 12.

Response: No dispute.

28.    On December 17, 2024, the Court specifically granted expedited discovery as to Defendant, in addition to the expedited discovery authorized in the TRO. *See* Dkt. No. 158; attached as Exhibit 13.

Response: No dispute.

29.    On December 21, 2024, Defendant filed an Answer to the Amended Complaint. Defendant did not assert any counterclaims or plead affirmative defense, nor has it contested validity of the '339 Patent. *See* Dkt. No. 159; attached as Exhibit 14.

Response: No dispute.

30.    On October 2, 2024, Plaintiff served Tonchean with Plaintiff's First Set of

Interrogatories, Requests for Admission, and Requests for Production, which were issued on an expedited basis pursuant to the TRO. *See* Declaration of Faye Yifei Deng, at ¶ 3; attached as <u>Exhibit 7</u>.

<u>Response: No dispute.</u>

31.     In Plaintiff's First Set Requests for Admission, Plaintiff requested Defendant to admit that Defendant offered for sale, sold, and shipped products that bear Plaintiff's '339 Patent. *See* Plaintiff's First Set of Requests for Admission at p 5; attached as <u>Exhibit 15</u>.

<u>Response: No dispute.</u>

32.     According to the TRO, Tonchean's responses were due by October 16, 2024. *See* Dkt. No. 27; attached as <u>Exhibit 9.</u>

<u>Response: No dispute.</u>

33.     On October 17, 2024, not having received any response or a request for extension from Tonchean, Plaintiff reminded Tonchean via email of its obligation to provide a response. *See* Declaration of Faye Yifei Deng, at ¶ 4; attached as <u>Exhibit 7</u>.

<u>Response: No dispute. However, it has nothing to do with the merit of the case.</u>

34.     On October 21, 2024, Defendant filed a Motion to Stay Limited Scope Discovery and subsequently withdrew the motion that same day. *See* Dkt. Nos. 138, 139; attached as <u>Exhibit 12</u>.

<u>Response: No dispute. However, it has nothing to do with the merit of the case.</u>

35.     Tonchean did not serve its responses until Jan 21, 2025, more than three months

late, without any extension or court order. *See* Declaration of Faye Yifei Deng, at ¶ 5; attached as <u>Exhibit 7</u>.

<u>Response: No dispute. However, it has nothing to do with the merit of the case.</u>

36.     In addition, Tonchean's responses were unverified. *See* Declaration of Faye Yifei Deng, at ¶ 5; attached as <u>Exhibit 7</u>.

<u>Response: No dispute. However, it has nothing to do with the merit of the case.</u>

37.     To date, Defendant has not introduced any pleading or other challenge to the validity of the '339 Patent. *See* Declaration of Faye Yifei Deng, at ¶ 6; attached as <u>Exhibit 7</u>.

<u>Response: No dispute.</u>

38.     The ornamental appearance of the Infringing Products is substantially identical to the claimed design in the '339 Patent. *See* Exhibit 2 and Exhibit 8.

<u>Response: Disputed. See Response 23.</u>

39.     The table below shows[1] a side-by-side comparison of the Infringing Product sold by Defendant and figures of the '339 Patent. *See* Declaration of Faye Yifei Deng, at ¶ 7; attached as <u>Exhibit 7</u>.

| Plaintiff's '339 Patent | Defendant's Infringing Product |
|---|---|
|  | |



Response: Disputed. See Response 23.



Response: Disputed. See Response 23.

40.    Both the accused product and '339 patent feather a rectangular-shaped top flipped table, four drawers with two on each side, two supporting H-shaped legs, same location of the horizontal bar connecting the legs. *See* Declaration of Faye Yifei Deng, at ¶ 8; attached as <u>Exhibit 7</u>.

Response: Disputed. See Response 23. In particular, these features are primarily functional.

41.     To date, Defendant has not cited any prior art. *See* Declaration of Faye Deng at ¶ 9; attached as Exhibit 7.

Response: Disputed.

42.     The only likely, yet undeclared, difference identified by Defendant is the present of two additional drawers located beneath the top flipped table[2]. *See* Defendant's Response to Plaintiff's RFP at pp 5, 6; attached as Exhibit 5.

Response: No dispute.

43.     This purported distinction is trivial and insignificant, and consumer confusion would still exist. *See* Declaration of Faye Deng at ¶ 10; attached as Exhibit 7.

Response: Disputed as self-serving. Faye Deng shall not serve as primary witness when serving as counsel.

44.     In Plaintiff's Second Set of Requests for Production, Plaintiff requested Defendant to produce "[a]ll documents, electronically stored information, and things demonstrating the costs associated with the sale of the Infringing Products". *See* Plaintiff's Second Set of Requests for Production No. 2 at p 8; attached as Exhibit 16.

Response: No Dispute. However, it is not related the merit of the case.

45.     Defendant's unverified response merely states that "we declare that the cost for the products accused is RMB 165/pcs." *See* Defendant's Response to Plaintiff's RFP at p 2; attached as Exhibit 5.

Response: No Dispute.

46. Defendant neither produced the requested documents nor raised any objections to the request. *See* Declaration of Faye Deng at ¶ 11; attached as <u>Exhibit 7.</u>

<u>Response: Disputed as self-serving. Faye Deng shall not serve as primary witness when serving as counsel.</u>

47. Since Defendant failed to respond to Plaintiff's discovery requests, Plaintiff has limited to no information available regarding Defendant's profits from the sale of the Infringing Products. *See* Declaration of Faye Deng at ¶ 12; attached as <u>Exhibit 7</u>.

<u>Response: Disputed as self-serving. Faye Deng shall not serve as primary witness when serving as counsel.</u>

48. Defendant has failed to show relevant costs and profits. *See* Declaration of Faye Deng at ¶ 13; attached as <u>Exhibit 7</u>.

<u>Response: Disputed as self-serving. Faye Deng shall not serve as primary witness when serving as counsel.</u>

49. This Court has already awarded § 289 profit damages in this case with respect to the Defaulting Defendants in the amount ranging from $250 to $149,195.99. *See* Dkt. No. 104; attached as <u>Exhibit 17.</u>

<u>Response: Disputed as self-serving.</u>

50. Chinese currency RMB 165 is approximately equivalent to USD $24, based on the current exchange rate of 7:1. *See* Declaration of Faye Deng at ¶ 14; attached as <u>Exhibit 7</u>.

<u>Response: Disputed as self-serving. Faye Deng shall not serve as primary witness when serving as counsel.</u>

Dated: Jan. 6, 2026

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this Jan. 6, 2026.

/s/ Jianyin Liu