UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GZ Long Ya Trading Co., Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24-cv-4193 |
| v. ) | |
| ) | Magistrate Judge Keri L. Holleb Hotaling |
| The Partnerships and Unincorporated ) | |
| Associations Identified on Schedule "A", ) | |
| ) | |
| Defendants, ) | |

**ORDER**

Before the Court is Defendant Tonchean's motion to amend/correct answer to amended complaint (the "Motion") [Dkt. 194]. Plaintiff GZ Long Trading Company ("GZ Long") opposes the motion. [Dkt. 198]. Defendant did not file a reply, despite the Court providing for one in the briefing schedule. [See Dkt. 197]. Defendant Tonchean seeks to add affirmative defenses and counterclaims, although the proposed answer does not contain any counterclaims. [Dkt. 194, Ex. 1]. For the following reasons, the Motion is denied.

"Under Rule 15, courts may deny an amendment for undue delay, bad faith, dilatory motive, prejudice, or futility." *Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003*); see, e.g., Excalibur Oil, Inc. v. Sullivan*, 659 F. Supp. 1539, 1547-49 (N.D. Ill. 1987) (denying amendment to complaint for undue delay and futility). The Seventh Circuit repeatedly has held that motions for leave to amend pleadings should be denied when the movant delayed in seeking leave until after the close of discovery. *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir. 1990); *see also Crest Hill Land Dev. v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) (upholding denial of defendant's motion to amend answer after discovery had closed and stating that "new arguments or defense theories propagated after the completion of discovery are wisely discouraged"); *Venters v. City of Delphi*, 123 F.4d

1

956, 967-68 (7th Cir. 1997) (noting that "once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court of his intent to pursue that defense"); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (affirming denial of leave to assert new affirmative defenses where discovery had closed and where request for leave was not based on newly discovered facts).

Here, discovery closed on September 2, 2025. [Dkt. 188]. Tonchean failed to offer an explanation as to how the affirmative defense of invalidity available under a patent infringement action did not became apparent until now, or why it was not known to it when it filed its answer in December 2024, relying simply on the fact that it had undertaken a "review of USPTO records and public sales data." [Dkt. 194 at 2]. Why this review did not take place prior to Tonchean's original answer filing is unknown. This is reason enough to deny the proposed amendment. *See Cont'l Bank N.A.*, 10 F.3d 1293, 1298 (affirming denial of motion to amend answer because facts "must have been known to defendants" at the time they first filed their answer). But there is more. Plaintiff contends that the information and facts related to the affirmative defense of invalidity – anticipation and obviousness – were known and made available to Tonchean in the beginning of discovery in as early as June 2025, a fact that Tonchean fails completely to address let alone refute. This smacks of undue delay at best and bad faith at worst.

Finally, where amendment to the pleadings would result in undue prejudice to the non-moving party denial is appropriate. *See, e.g., Campania Management Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848 (7th Cir. 2002) (affirming district court's refusal to grant amendment and raise new affirmative defense where the defendant "failed to act with diligence"). Defendant did not file its Motion until after the Court held a pre-summary judgment videoconference, at which time Plaintiff's counsel indicated it had prepared and would be filing a summary judgment motion, which it did on December 22, 2025. [Dkts. 193, 200]. If amendment were allowed at this stage,

discovery would be required to be reopened and Plaintiff would now be forced to address new legal theories, after it had already moved for summary judgment. Clearly, Plaintiff would be prejudiced. Amendment will not be allowed at this late stage of the case. Defendant Tonchean's motion to amend/correct answer to amended complaint [Dkt. 194] is DENIED.

**ENTERED: January 6, 2026**

                                                                                                    Hon. Keri L. Holleb Hotaling,
                                                                                                     United States Magistrate Judge