UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GZ LONG YA TRADE CO., LTD., | |
| Plaintiff, | Case No. 1:24-cv-04193 |
| v. | **Hon. Keri L. Holleb Hotaling** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff GZ Long Ya Trade Co., Ltd. ("Plaintiff"), through its undersigned counsel, respectfully submits this Reply in support of its motion for Summary Judgment and in response to Defendant Tonchean's ("Defendant") Opposition.

## I. INTRODUCTION

Defendant's Opposition rests on two flawed premises: an unsupported challenge to Plaintiff's standing and an attempt to manufacture non-infringement based on alleged minor differences between Plaintiff's U.S. Design Patent No. D986,339 (the "'339 Patent") and Defendant's accused design ("Infringing Product"). The admitted facts in Plaintiff's Statement of Material Facts, undisputed evidence, and controlling laws establish that the overall visual appearance of the Infringing Product is substantially the same as the design claimed in the '339 Patent. Accordingly, Defendant infringes the '339 Patent as a matter of law as a matter of law, and Plaintiff's Motion for Summary Judgment should be granted in its entirety.

## II. ARGUMENT

**A. Defendant Has Admitted all Facts in Plaintiff's Statement of Material Facts.**

1

Pursuant to LR 56.l (a)(2), Plaintiff submitted a Statement of Material Facts supported by evidentiary materials. Although Defendant purported to dispute several of those facts, it failed to cite any admissible evidence to support its denials. *See* Def.'s LR 56.1(b)(2) Resp., Dkt. 205. As such, under the rules of this Court's rules and Seventh Circuit precedent, Plaintiff's material facts are therefore deemed admitted.

An opposition to a statement of material facts filed in support of a motion for summary judgment must meet the requirements under LR. 56. l(b) and (e).

> The opposing party must submit a statement responding to each numbered paragraph of the movant's statement, supporting any disagreement with **"specific references to the affidavits, parts of the record, and other supporting materials relied upon."** … **Unless controverted in this manner** in the opponent's 12(N) statement [renumbered as LR. 56. l(b)], **all material facts set forth in the movant's statement are deemed admitted.**

*Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000). *quoting* LR 56.1. Defendant's responses to Plaintiff's statement of material facts consist largely of argument, evasion, and improper denials, rather than citations to evidence. This conduct defeats the purpose of L.R. 56.1 – to identify genuine factual dispute. As a result, Plaintiff's statements of material fact are deemed admitted, including Defendant's admission that it failed to timely respond to Plaintiff's request for admission and had thereby admitted infringement of the '339 Patent.

**B. Defendant has Failed to Prove Invalidity of the '339 Patent by Clear and Convincing Evidence.**

Defendant asserts that the '339 Patent is invalid because certain features allegedly serve functional purpose. This assertion misstates the law governing design patents.

The federal courts have long held that a design claim is not invalid simply because aspects of the design serve functional purpose. *Richardson v. Stanley Works, Inc.*, 579 F.3d 1288, 1293-94 (Fed. Cir. 2010). Design patents protect the ornamental appearance of an article of manufacture, which "necessarily serves a utilitarian purpose." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123

(Fed. Cir. 1993). Courts have consistently held that the presence of functional elements does not eliminate design patent protection, rather, the scope of a design patent claim is limited to the ornamental aspects of the design. *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016).

Here, Defendant asserts that the '339 Patent features functional purpose, such as drawers for storage of unfinished pieces, tilting for ergonomics, and cover keeps unfinished pieces in place", and argues that the claimed design is not protected. Defendant's argument improperly dissects the '339 Patent into individual components—drawers, legs, tilting tabletop, and a cover—and labels each as "functional." That approach is legally flawed. "A claimed design was not invalid as functional simply because the 'primary features' of the design could perform functions." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1329 (Fed. Cir. 2015). "[D]esign patents protect the overall ornamentation of a design, not an aggregation of separable elements. *Richardson v. Stanley Works, Inc.*, 579 F.3d 1288, 1295 (Fed. Cir. 2010) (noting that "discounting of functional elements must not convert the overall infringement test to an element-by-element comparison").

Although certain elements in the '39 Patent – i.e., a tilting tabletop, drawers, and legs – serve functional purpose, each incorporates ornamental design aspects. The claimed design of the '339 Patent includes, among other things, a rectangular-shaped tabletop with sharp corners, four arranged symmetrically arranged drawers with two on each side, two H-shaped supporting legs, and a horizontal connecting bar positioned at a specific location. These ornamental aspects are entitled to protection.

Moreover, the availability of alternative design reinforces the ornamental nature of the '339 Patent. "To qualify for protection, a design must present an aesthetically pleasing appearance that is not dictated by function alone". *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 148 (1989). "A design is not dictated solely by its function when alternative designs for the article of manufacture are available." *Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996). "When there are

3

several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993); *see also*, *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed. Cir. 1997).

Although Defendant challenges the validity of the '339 Patent based on its functional elements, itself concedes the existence of alternative designs, including "flat tables, different drawer counts and placements, and non-tilting structures". Additional alternative designs include different tabletop shapes, drawer designs, and softly rounded corners.

Design patents enjoy the same presumption of validity as utility patents under 35 U.S.C. §§ 171, 282; *see also L.A. Gear, Inc.*, 988 F.2d at 1123. Thus, Defendant has the burden to prove invalidity of the '339 Patent by clear and convincing evidence. *Id.* at 1124; *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373 1378 (Fed. Cir. 2002). Defendant has failed to meet that burden.

### C. No Genuine Dispute Exists as to Plaintiff's Standing to Sue.

Defendant's standing challenge is unsupported and contradicted by the record. Under 35 U.S.C. § 281, a patentee may bring a civil action for patent infringement. The term patentee includes the original patentee (whether the inventor or original assignee) and "successors in title." 35 U.S.C. § 100(d).

Plaintiff is the sole lawful assignee of all right, title, and interests to the '339 Patent and received such right, title, and interests by way of assignment duly executed and recorded with the U.S. Patent and Trademark Office[1]. Plaintiff's Statement of Material Facts, Dkt. 202 at ¶¶ 1, 3, 5, 6. Moreover, the inventor of the '339 Patent, William Huang, confirmed this assignment by sworn declaration. Dkts.

---

[1] A copy of the patent assignment was previously submitted as Exhibit 3 to the Amended Complaint. Dkt. 8-2.

4

78-1, 79-1, at ¶¶ 2, 3. Plaintiff therefore is a successor in title to the '339 Patent and has standing to bring a patent infringement action.

Defendant's reliance on a minor name variation - "GZ Longya Trade Co., Ltd." versus "Guangzhou Longya Trade Co., Ltd." - is meritless. "GZ" is a common abbreviation for "Guangzhou" which is a city in China, much like "D.C." for Washington, D.C., or LA for Los Angeles. Here, Defendant does not dispute the assignment's validity, nor does it identify any competing assignee, or argue that the assignment failed to convey Plaintiff all rights, interests, and title to the '339 Patent, including the right to sue for infringement. Defendant's argument is nothing more than a distraction from the merits.

Defendant's attack on Plaintiff's prior licensee status likewise fails. Defendant never requested the license agreement, the assignment, or related documents during the more than a year discovery. Defendant has had enough time and opportunities to obtain such information and documents and has failed to do so. Allowing such a belated challenge would be unfairly prejudice to Plaintiff at this summary judgment stage.

Finally, Defendant's assertion that Plaintiff's declarations are "self-serving" is legally irrelevant. A sworn declaration based on personal knowledge is competent summary-judgment evidence. Fed. R. Civ. P. 56(c). Plaintiff submitted a declaration of Zehao Jia, Plaintiff's former president, to support its Motion for Temporary Restraining Order, which testified that Plaintiff used to be the sole licensee to sell genuine puzzle tables under the brand "SHIWAGIN" and its products were broadly recognized by consumers. Plaintiff's Statement of Fact, Dkt. 202 at ¶¶ 7-8. Defendant fails to present any evidence to challenge the declarant's personal knowledge or identify contradictory facts.

### D. Defendant's Alleged "Differences" Do Not Defeat Infringement.

Defendant does not dispute that its Infringing Product shares the same dominant ornamental features as the '339 Patent, including a rectangular flip-top table, four symmetrically arranged drawers

5

with two on each side, two H-shaped supporting legs, and a horizontal connecting bar. Statement of Material Facts, Dkt. 202 at ¶¶ 38–40. Instead, Defendant focuses on insignificant differences such as drawer pull, interior framing, and cover support, and compare the designs element-by-element.

This is not the proper analysis. Comparison of individual features of the '339 Patent is improper in an overall visual impression analysis and should be disregarded. A design need not be found "identical" to infringe. *Braun Inc. v. Dynamics Corporation of America*, 975 F.2d 815, 820 (Fed. Cir. 1992). In comparing the claimed design and the accused product, infringement is found "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008). In line with the purposes of design patent protection, the ordinary observer test was implemented to avoid the "risk of assigning exaggerated importance" to insignificant differences between the accused products and patented designs. *Id.* at 677. Instead, the focus is on the overall appearance of the design.

Moreover, nowhere does Defendant analyze how the trivial differences in each element would impact the ordinary observer's perception of the overall visual impression other than its conclusory assertion that "an ordinary observer would note these distinctions and not be deceived".

Furthermore, Defendant has also failed to identify any relevant prior art to support its alleged difference. Statement of Material Facts, Dkt. 202 at ¶ 41. Although individual features may play a role in assessing the impact on the overall appearance, Defendant has failed to provide any prior art in determining whether these minor differences would be recognized as distinguishing the designs of the Infringing Products. *See Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (differences must be evaluated in light of prior art).

E.  **Defendant's Opposition to the Motion for Summary Judgment, Response to Plaintiff's LR 56.1 Statement, and Additional Statements of Facts Lack Evidentiary Support and Should Be Disregarded.**

In violation of L.R. 56.1 (g), Defendant's opposition brief does not cite to specific paragraphs in its LR 56(b)(2) response or LR 56(b)(3) statement to support its factual allegations, the Court should disregard those factual allegations. Moreover, in violation of L.R. 56.1 (e), Defendant's LR 56(b)(2) response contains multiple legal arguments and new facts not supported by any evidence. Additionally, Defendant fails to provide any evidentiary material to support its LR 56(b)(2) response and should be deemed to have admitted all material facts in Plaintiff's LR 56 (a)(2) statement. Furthermore, in violation of L.R. 56.1 (d), Defendant fails to support its LR 56(b)(3) statement paragraph 1 by any evidentiary material, and the Court should disregard it. Additionally, paragraph 2 of its LR 56(b)(3) statement is pure legal argument without any factual or legal support and should also be disregarded by the Court.

## **CONCLUSION**

No genuine dispute of material fact exists. Defendant's infringing product is substantially the same as the design claimed in the '339 Patent. Defendant lacks evidence to challenge Plaintiff's standing and has failed to prove invalidity of the '339 Patent by clear and convincing evidence. Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Summary Judgment in its entirety.

7

Date: February 3, 2026                     Respectfully submitted,

*/s/ Faye Yifei Deng*
Faye Yifei Deng
YK Law LLP
445 S Figueroa Street, Suite 2280
Los Angeles, California 90071
Telephone: (213) 401-0970
Email: fdeng@yklaw.us

*Attorney for Plaintiff GZ Long Ya Trade Co., Ltd.*