**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GZ LONG YA TRADING CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-4193 |
| v. | ) | |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff GZ Long Ya Trading Co., Ltd.'s ("Plaintiff") instant lawsuit alleges Defendant Tonchean ("Defendant") infringed Plaintiff's patent designs by making, using, offering for sale, or importing puzzle tables featuring Plaintiff's patented design without authorization or license.[1] [Amended Complaint, Dkt. 8 at 1.] Plaintiff now moves for summary judgment and a damages award against Defendant for its alleged infringement of Plaintiff's patent design [Dkt. 200]. Plaintiff also seeks a permanent injunction against Defendant, prohibiting Defendant from further infringing upon Plaintiff's patent, and an award of attorneys' fees. *Id*. As detailed below, Plaintiff's motion is granted in part and denied in part. [Dkt. 200.]

I.   **Standard of Review**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court must construe the facts and draw all

---

[1]   Plaintiff's Amended Complaint alleged patent infringement against multiple Defendants. Defendant Tonchean is the only remaining Defendant. [PSOF ¶ 20-21; DSOF ¶ 20-21.]

reasonable inferences in the light most favorable to the nonmoving party. *Equal Emp. Opportunity Comm'n v. Costco Wholesale Corp.*, 903 F.3d 618, 621 (7th Cir. 2018). In doing so, "[t]he court need [not] consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

Procedurally, Local Rule ("LR") 56.1(d) of the United States District Court for the Northern District of Illinois requires a party moving for summary judgment to submit a statement of material facts in short, numbered paragraphs supported by specific references to the factual record. Plaintiff has complied. [Dkt. 202, Plaintiff's Statement of Material Facts ("PSOF").] LR 56.1 also requires each party opposing a summary judgement motion to respond to each of the moving party's statements of fact with citations to "specific evidentiary material that controverts the fact" and a concise explanation of "how the cited material controverts the asserted fact." LR 56.1(e)(3). "[F]acts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment). Defendant has failed to comply. While Defendant did file a "LR 56.1(b)(3) Response to Plaintiff's Statement of Material Facts" [Dkt. 205, Defendant's Response Statement of Material Facts ("DSOF")] responding to each of Plaintiff's listed facts, Defendant failed to cite specific evidentiary material that controverts the facts Defendant disputes, merely stating certain facts are disputed because "the licensee has a different name from that of the Plaintiff" or certain evidence, such as declarations, which are permissible under Fed. R.

2

Civ. P. 56(c) and part of the record, are "self-serving". *See generally* [DSOF]; *see also Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (finding self-serving affidavits to be permissible evidence for summary judgement so long as they meet the requirements of Fed. R. Civ. P. 56(e)). Consequently, all material facts set forth in the PSOF which are not properly disputed by Defendant as required by LR 56.1(e)(3), and which are otherwise properly corroborated by materials in the record, are deemed admitted.[2] *Bordelon v. Chicago Sch. Reform Bd. Of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) ("Unless controverted in [the manner required by the Local Rules] in the opponent's [] statement, all material facts set forth in the movant's statement are deemed admitted.").

## II.  **Material Facts**[3]

The U.S. Design Patent No. D986,339 (the "'339 Patent") was lawfully issued to inventor William Huang on May 16, 2023. [PSOF ¶ 3; DSOF ¶ 3.] The '339 Patent's claim is for "[t]he ornamental design for a puzzle table." [PSOF ¶ 4; DSOF ¶ 4.] On April 25, 2024, all rights, interest, and title associated with the '339 Patent were assigned to Guangzhou Longya Trade Co. Ltd. [PSOF ¶ 5; Dkt. 8-2.] The assignment was properly recorded with the U.S. Patent and Trademark Office ("USPTO"); Plaintiff is the sole assignee of the '339 Patent. [PSOF ¶ 6; DSOF ¶ 6; Dkt. 78-1 ¶ 3.]

Prior to the '339 Patent assignment, Plaintiff had been the sole licensee to sell puzzle tables with the '339 Patent under the brand "SHIWAGIN" and had been advertising, promoting, and selling SHIWAGIN jigsaw puzzles for years. [PSOF ¶ 7-8.] The '339 Patent is distinctive when applied to genuine jigsaw puzzle tables and is broadly recognized by consumers. [PSOF ¶ 9, 11.] Plaintiff's

---

[2]  PSOF includes facts which cite to Faye Yifei Deng's declaration. Deng is Plaintiff's counsel of record. [Dkt. 15.] Defendant objects to certain facts in the PSOF which are supported by Deng's declaration, pointing out in some responses that counsel of record would not serve as a primary witness. [DSOF ¶ 40, 41, 43 46, 47, 48, 50.] As the Court does not rely on any of the facts provided in the paragraphs supported by Deng's declaration to which Defendant objects, the Court will not address the admissibility of these facts. However, the Court will deem facts that cite to Deng's declaration admitted where Defendant has indicated no dispute. [PSOF ¶ 21, 30, 33, 35, 36, 37; DSOF ¶ 21, 30, 33, 35, 36, 37.]

[3]  The Court has only cited material facts, not those facts which are not outcome determinative. *Anderson*, 477 U.S. at 248 (a "material fact" is one that "might affect the outcome of the suit").

e-commerce store was ranked as a top seller on online commerce platforms. [PSOF ¶ 9.] Plaintiff's business success heavily relies on its exclusive use of the '339 Patent. [PSOF ¶ 11.]

Defendant is an e-commerce seller on Wayfair, owned and controlled by Ganzhou Tong Cheng An E-Commerce Co., Ltd. [PSOF ¶ 16; DSOF ¶ 16.] Plaintiff has not licensed or otherwise authorized Defendant to use the '339 Patent, nor is Defendant an authorized retailer of genuine puzzle tables. [PSOF ¶ 18.] Defendant offered for sale and sold puzzle tables substantially similar to the '339 Patent (the "Infringing Products") without authorization or license through its Wayfair e-commerce store. [PSOF ¶ 17.] The only difference identified by Defendant between the '339 Patent and Infringing Product is the presence of two additional drawers located beneath the top flipped table. [PSOF ¶ 42; DSOF ¶ 42.] Defendant has sold at least 402 units of the Infringing Products, including units within this District, generating a revenue of at least $55,300. [PSOF ¶ 19; DSOF ¶ 19.]

On June 6, 2024, this Court issued a Temporary Restraining Order (the "TRO") permitting Plaintiff to issue expedited written discovery to Defendant, with Defendant responses due within ten (10) business days. [PSOF ¶ 24; DSOF ¶ 24.] Plaintiff served Defendant with Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production on October 2, 2024. [PSOF ¶ 30; DSOF ¶ 30.] In Plaintiff's First Set of Requests for Admission, Plaintiff requested Defendant to admit Defendant offered for sale, sold, and shipped products that bear the '339 Patent. [PSOF ¶ 31; DSOF ¶ 31.] Pursuant to the TRO, Defendant's responses were due by October 16, 2024. [PSOF ¶ 32; DSOF ¶ 32.] Defendant served unverified responses on January 21, 2025, more than three months late, without any extension or court order. [PSOF ¶ 35-36; DSOF ¶ 35-36.]

Plaintiff's Second Set of Requests for Production requested Defendant produce "all documents, electronically stored information, and things demonstrating the costs associated with the sale of the Infringing Products." [PSOF ¶ 44; DSOF ¶ 44.] Defendant only offered an unverified response declaring "the cost for the products accused is RMB 165/pcs." [PSOF ¶ 45; DSOF ¶ 45.]

### III. <u>Analysis</u>

#### a. **Plaintiff has Standing to Bring this Claim**

The '339 Patent was issued to inventor William Huang on May 16, 2023. [PSOF ¶ 3; DSOF ¶ 3.] William Huang is the manager of Plaintiff GZ (Guangzhou) Long Ya Trading Co., Ltd. [Dkt. 78-1 ¶ 2.] All rights, interests, and title associated with the '339 Patent were transferred to "Guangzhou LongYa Trading Co. Ltd." by way of an assignment executed on April 24, 2024 and duly recorded with the USPTO (the "Assignment"). [PSOF ¶ 5-6; DSOF ¶ 5-6; Dkt. 8-2.] Defendant's claim that Plaintiff has failed to establish its standing as the sole assignee of the '339 Patent as Plaintiff's name is "GZ Long Ya Trading Co., Ltd." while the '339 Patent assignee's name is "Guangzhou LongYa Trading Co. Ltd." is meritless. [Dkt. 204 at 3.] Plaintiff notes "GZ" is a common abbreviation for "Guangzhou", a city in China. [Dkt. 209 at 5.] William Huang, the inventor and original holder of the '339 Patent, also refers to the Plaintiff entity as "GZ (Guangzhou) Long Ya Trading Co., Ltd." or "GZ" in his sworn declaration and explicitly confirms "GZ received all rights, interest, and title associated with the ['339 Patent] by way of" the Assignment. [Dkt. 78-1 ¶ 2-3.] Defendant also otherwise concedes Plaintiff is the sole assignee of the '339 Patent. [DSOF ¶ 6.] Under 35 U.S.C. § 281, Plaintiff has standing to bring this action for patent infringement. *See* 35 U.S.C. § 281; 35 U.S.C. § 100(d) (defining patentee to include successors in title).

Likewise, Defendant's claims related to Plaintiff's prior licensee status also fail. [Dkt. 204 at 3.] While any prior license agreement does not appear in the record, the PSOF cites a declaration based on personal knowledge of the facts from Plaintiff's former president, Zehao Jia, confirming Plaintiff had been the sole licensee prior to the Assignment. [PSOF ¶ 7; Dkt. 19 at ¶ 5.] Fed. R. Civ. P. 56(c) permits this type of evidence. The Court has no reason to question the correctness of this factual statement as Defendant presented no evidence from the record to (1) challenge Zehao Jia's personal knowledge or (2) identify contradictory facts. Defendant's claims relating to Plaintiff's

assignee and licensee status do no more than *attempt* to create some doubt to avoid an adverse summary judgment decision despite the clear factual record; the Court will not deny summary judgement on these grounds. *See also Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) ("[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." (internal citations omitted)).

### b. The '339 Patent is Valid

35 U.S.C. § 282 requires any defense for noninfringement or invalidity to be pleaded. Despite conceding that Defendant has not introduced any pleading or other challenge to the validity of the '339 Patent [PSOF ¶ 37; DSOF ¶ 37], Defendant raised arguments in its response to Plaintiff's motion for summary judgment calling into question the '339 Patent's validity given the patent's functional features. [Dkt. 204 at 2, 4-5.] While it is untimely to raise a defense for the first time[4] in response to a motion for summary judgement, the Court will address the '339 Patent's validity nonetheless. Fed. R. Civ. P. 8. Additionally, the Court finds Plaintiff will not be prejudiced as Plaintiff has had the opportunity and did in fact respond to Defendant's argument in its reply. [Dkt. 209 at 2-4.]

Plaintiff's '339 Patent is presumed valid. 35 U.S.C. § 282. "[I]nvalidity of a design patent must be established by clear and convincing evidence." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117 (Fed. Cir. 1993). Defendant claims the '339 Patent is invalid as its "prominent features serve functional purposes and receive no protection" and points to the '339 Patent's overall configuration, drawers, tilting mechanism, adjustable legs, and cover as evidence of elements dictated by utility. [Dkt. 204 at 2, 4-5.] However, the existence of functional elements itself does not invalidate

---

[4] Defendant filed a motion for leave to file an amended answer to Plaintiff's amended complaint to address affirmative defenses including invalidity. [Dkt. 194.] Defendant's motion was denied as untimely given Defendant sought to amend pleadings months after the close of discovery and after the Court held a pre-summary judgement videoconference; the Court noted an amendment to the pleadings at this late stage would prejudice the Plaintiff. [Dkt. 208.]

a design patent. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-1294 (Fed. Cir. 2010); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1329 (Fed. Cir. 2015) ("a claimed design was not invalid as functional simply because the 'primary features' of the design could perform functions."). As the Federal Circuit has held, "the utility of each of the various elements that comprise the design is not the relevant inquiry with respect to a design patent." *L.A. Gear, Inc.*, 988 F.2d at 1123. Rather, "the claimed design is viewed in its entirety, for the ultimate question is not the functional or decorative aspect of each separate feature, but the overall appearance of the article, in determining whether the claimed design is dictated by the utilitarian purpose of the article." *Id*.

Here, while Plaintiff concedes certain elements of the design patent serve functional purposes, Plaintiff contends the same elements also include ornamental designs which are entitled to protection. [Dkt. 209 at 3.] Elements such as the tilting tabletop, drawers, and adjustable legs "necessarily serve[]" a utilitarian purpose." *See L.A. Gear, Inc.*, 988 F.2d at 1123. However, functionality of elements does "not preclude those elements from having protectable ornamentations." *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1321 (discussing *Ethicon Endo-Surgery, Inc.*). The shape of the tabletop, the symmetrically arranged drawers, the placement of the drawers on each side of the tabletop, the shape of the legs, and the placement of the connecting bar between the supporting legs are ornamental features entitled to protection. The '339 Patent could have altered the appearance of any of these features without sacrificing functionality. Defendant concedes as much, noting alternative designs exist. [Dkt. 204 at 5.] The Federal Circuit has held "[w]hen there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." *L.A. Gear, Inc.*, 988 F.2d at 1123. Consequently, the Court finds Defendant has failed to establish, by clear and convincing evidence, that the '339 Patent is invalid.

### c. Defendant Infringed Plaintiff's '339 Patent and Plaintiff is Entitled to Summary Judgement

Under 35 U.S.C. § 271, "whoever without authority makes, uses, offers to sell, or sells any

patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Defendant is deemed to have infringed upon Plaintiff's '339 Patent.

Pursuant to Fed. R. Civ. P. 36(a), a party may serve another party with a written request to admit the truth of any matter(s) and such matter(s) will be deemed admitted unless the responding party timely serves answers or objections to each matter addressed. Fed. R. Civ. P. 36(a). Here, Plaintiff served Defendant with Plaintiff's First Set of Requests for Admission which requested Defendant admit that Defendant offered for sale, sold, and shipped products that bear the '339 Patent. [PSOF ¶ 30-31; DSOF ¶ 30-31.] By failing to timely respond to Plaintiff's First Set of Requests for Admissions and serving responses three months late without any stipulation for an extension or court order [PSOF ¶ 35; DSOF ¶ 35], Defendant is deemed to have admitted to offering for sale, selling, and shipping products that bear the '339 Patent. Fed. R. Civ. P. 36(a)(3).

Additionally, as discussed above, Defendant failed to comply with Local Rule 56.1 by failing to respond to each of the moving party's statements of fact with citations to "specific evidentiary material that controverts the fact" and a concise explanation of "how the cited material controverts the asserted fact." LR 56.1(e)(3). Consequently, Defendant is deemed to have admitted Defendant was offering for sale and selling Infringing Products without authorization or license, Plaintiff has not licensed or authorized Defendant use of the '339 Patent, and Defendant is not an authorized retailer of genuine Plaintiff's puzzle tables. [PSOF ¶ 17-18.] Accordingly, Defendant is deemed to have infringed upon Plaintiff's '339 Patent. Additionally, the Court finds Defendant infringed upon Plaintiff's '339 Patent even absent the deemed admissions.

The Federal Circuit has held "the 'ordinary observer' test should be the sole test for determining whether a design patent has been infringed." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). Pursuant to the ordinary observer test, "[I]f in the eye of an ordinary

observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Id*. at 670 (citing *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). Under this test, only where a patentee shows that the claimed and accused designs are not "sufficiently distinct and plainly dissimilar" does the Court move on and evaluate whether "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *High Point Design LLC v. Buyer's Direct, Inc.*, 621 Fed.Appx. 632, 641 (Fed. Cir. 2015); *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).

Based on the Court's review of a side-by-side comparison of (1) the '339 Patent itself which includes sixteen (16) figures showing different angles and aspects of the patented puzzle table [Dkt. 202-2; Dkt. 8-1] and (2) screenshot images of the Infringing Products from Defendant's Wayfair e-commerce store [Dkt. 202-8; Dkt. 12-3 at 372-378], the Court finds the two designs are not sufficiently distinct and plainly dissimilar. As can be seen in the images part of the record, both the '339 Patent and the Infringing Products include rectangular-shaped tops which can be flipped up, two drawers on each side, and two H-shaped legs with a horizontal bar connecting the legs in what appears to be the same location. Defendant also concedes in their DSOF the "only likely, yet undeclared, difference identified by Defendant is the presen[ce] of two additional drawers located beneath the top flipped table." [PSOF ¶ 42; DSOF ¶ 42.] Yet, in Defendant's response brief, Defendant attempts to argue the two designs have "key" differences including differences in drawer pulls, handles, framing, extensions, cover support, and compartment dividers. [Dkt. 204 at 5.] Despite these differences, the Court finds that an ordinary observer would find the two designs to be substantially similar and would be deceived into believing the Infringing Product is the same as the '339 Patent. *See also Egyptian Goddess*, 543 F. 3d at 677 ("[T]he ordinary observer test does not present the risk of assigning

9

exaggerated importance to small differences between the claimed and accused designs relating to an insignificant feature[.]") As no arguments related to prior art or claims of noninfringement appear as part of the record, based on the foregoing, the Court finds Defendant infringed on Plaintiff's '339 Patent and Plaintiff is entitled to summary judgment.

### d. Plaintiff is Entitled to Injunctive Relief

Plaintiff requests a permanent injunction "enjoining Defendant from further violating Plaintiff's rights in the '339 Patent." [Dkt. 201 at 14.] Plaintiff requests "all relief previously awarded by this Court" and relief "against any new online stores identified as linked to Defendant that are selling Infringing Products." *Id*. The Court finds Plaintiff is entitled to such relief.

A plaintiff must satisfy a four-factor test when seeking a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id*. The Supreme Court held that this four-factor test extends to disputes arising under the Patent Act. *Id*. at 391, 393-394 (vacating and remanding *MercExchange, LLC v. eBay, Inc.*, 401 F.3d 1323 (Fed. Cir. 2005) upon a finding that the Court of Appeals erred when it applied its categorical rule "that a permanent injunction will issue once infringement and validity have been adjudged.").

Plaintiff's request for entry of a permanent injunction pursuant to 35 U.S.C. § 283 is not accompanied by an explanation as to whether the grant of a permanent injunction would satisfy the four-factor test discussed above. The Court notes though that "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987). Here, the Court has found in favor of

Plaintiff. Additionally, Plaintiff's counsel presented the required arguments at the TRO and preliminary injunction stage of this case, and this Court granted a TRO followed by a preliminary injunction. [Dkts. 16, 17, 27, 54, 55, 69, 115 (corrected).] In granting the preliminary injunction, the Court specifically found:

> Defendants' continued and unauthorized use of Plaintiff's Designs irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

[Dkt. 115 at 2-3.] The material facts have not changed since the Court granted the preliminary injunction. Additionally, the Court finds that the factors discussed above tilt the balance of harms in Plaintiff's favor; any harm Defendant would incur from injunctive relief is a result of Defendant's infringing conduct. Applying the same analysis now as the Court did in deciding the motion for preliminary injunction, the Court finds Plaintiff is entitled to permanent injunctive relief under 35 U.S.C. § 283. The injunction shall issue by separate order.

### e. Plaintiff is not Entitled to Attorneys' Fees

Attorneys' fees under 35 U.S.C. § 285 are only awarded in exceptional cases. 35 U.S.C. § 285. "A prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001). Plaintiff's counsel has made no such showing here. While the record shows that there are instances where Defendants failed to timely respond to discovery and failed to comply with the Local Rules, the Court declines to declare this case to be exceptional on that basis. Accordingly, Plaintiff's request for attorneys' fees under 35 U.S.C. § 285 is denied.

11

## IV.    Conclusion

For the foregoing reasons, Plaintiff GZ Long Ya Trading Co., Ltd.'s motion for summary judgment and permanent injunctive relief is granted; Plaintiff's request for attorneys' fees is denied. [Dkt. 200.]

Plaintiff also requested a damages award, claiming it is "entitled to at least $55,300." [Dkt. 201 at 1, 10-14.] The Court requests Plaintiff submit a supplemental brief (which may cite to arguments already made and part of the record) indicating whether Plaintiff is requesting more than $55,300 in damages and the basis for any additional amount. Plaintiff is to file their supplemental damages brief by 05/08/2026. Defendant shall file a response brief by 05/22/2026. No reply shall be filed without leave of Court. The Court anticipates ruling via CM/ECF on the Plaintiff damages award.

**ENTERED: April 24, 2026**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

12