**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GZ LONG YA TRADING CO., LTD.,      )
     )
     Plaintiff,      )
     )    No. 24-cv-4193
     v.      )
     )    Magistrate Judge Keri L. Holleb Hotaling
THE PARTNERSHIPS and      )
UNINCORPORATED ASSOCIATIONS      )
IDENTIFIED ON SCHEDULE "A",      )
     )
     Defendants.      )

## <u>PERMANENT INJUNCTION ORDER</u>

Plaintiff GZ Long Ya Trading Co., Ltd.'s ("Plaintiff") filed a Motion for Summary Judgment, Damages Award, and Injunctive Relief [Dkt. 200] (the "Motion") against Defendant Tonchean ("Defendant"). After reviewing the Motion and the accompanying record, the Court GRANTS Plaintiff's Motion for Injunctive Relief as follows.

This Court has found that it has personal jurisdiction over Defendant because Defendant directly targeted its business activities toward consumers in the United States, including Illinois, and Defendant "offered for sale, sold, and shipped [the infringing product] to Illinois addresses." [Dkt. 168 at 3-4 (finding the Court has specific personal jurisdiction over Defendant)]; *see also Liu v. Monthly, et al.*, 2026 WL 880018 (7th Cir. 2026).

In granting Plaintiff's motion for summary judgment, this Court also found (1) Plaintiff is the sole, lawful assignee of all right, title, and interest in U.S. Design Patent No. D986,339 (the "'339 Patent"), (2) prior to such assignment, Plaintiff was the sole licensee of the '339 Patent, (3) Defendant offered for sale, sold, and shipped products that bear the design claimed in the '339

Patent without authorization or license, and (4) an ordinary observer would be deceived into thinking Defendant's infringing products are the same as the '339 Patent. [Dkt. 212.]

This Court finds issuing this Permanent Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order [Dkts. 16-20] and previously granted Motion for Entry of a Preliminary Injunction [Dkts. 54-55] establishes that Defendant infringed upon Plaintiff's '339 Patent; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Defendant's continued and unauthorized use of the '339 Patent irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. These same factors tilt the balance of harms in Plaintiff's favor; any harm Defendant incurs is a result of its infringing conduct. Moreover, the public interest is served by entry of this Permanent Injunction to dispel the public confusion created by Defendant's actions.

Accordingly, this Court orders that:

1. Defendant, any new online stores identified as linked to Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the '339 Patent or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

2

Plaintiff product or not authorized by Plaintiff to be sold in connection with the '339 Patent;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the '339 Patent;

c. committing any acts calculated to cause consumers to believe that Defendant's products are sold under Plaintiff's authorization, control or supervision, or sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which use the '339 Patent.

SO ORDERED.

**ENTERED: April 24, 2026**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

3