# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GZ LONG YA TRADING CO., LTD.,<br><br>        Plaintiff,<br>  v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 1:24-cv-04193<br><br>Magistrate Judge Keri L. Holleb Hotaling |

## PLAINTIFF'S SUPPLEMENTAL BRIEF ON DAMAGES AGAINST DEFENDANT TONCHEAN

Plaintiff GZ Long Ya Trading Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this Supplemental Brief on Damages pursuant to the Court's Order dated April 24, 2026 [211].

On April 24, 2026, this Court granted Plaintiff's motion for summary judgment and permanent injunctive relief and requested a supplemental damages brief indicating whether Plaintiff is requesting more than $55,300 in damages and the basis for any additional amount. [211]. Plaintiff respectfully submits that it seeks monetary damages in the amount of $55,300 against Defendant Tonchean for design patent infringement and relies on the arguments and evidence set forth in Plaintiff's Memorandum in Support of its Motion for Summary Judgment. [201].

### I. Legal Standard

In the case of design patent infringement, a patentee may recover the total profits made by a defendant under 35 U.S.C. § 289. Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article

of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250….” 35 U.S.C. § 289.

Determining an award under Section 289 involves two steps: “First, identify the ‘article of manufacture’ to which the infringed design has been applied. Second, calculate the infringer’s total profit made on that article of manufacture.” *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant’s total profit on that article. *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). However, if the defendant believes that the article of manufacture is different, it has the burden to produce evidence showing the article of manufacture. *Id.* The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id.* The Seventh Circuit Court has made it clear that:

> The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

*WMS Gaming, Inc. v. WPC Prods. Ltd.,* 542 F.3d 601, 608 (7th Cir. 2008) citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07, 62 S. Ct. 1022, 86 L. Ed. 1381, 1942 Dec. Comm'r Pat. 767 (1942). “Although § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in other contexts.” *Nordock, Inc. v. Systems, Inc.,* 2017 U.S. Dist. LEXIS 192413, at *7-8. “[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty.” *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation,* 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See Bergstrom v. Sears, Roebuck and Co.,* 496

F. Supp. 476, 497 (D. Minn. 1980) ("The burden of establishing the nature and amount of these costs, as well as their relationship to the infringing product, is on the defendants."); *see also WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("The burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); *Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."). Under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Deckers Outdoor Corp. v. ShoeScandal.com, Ltd. liability Co.*, No. CV 12-7382, 2013 U.S. Dist. LEXIS 168545, at *12 (C.D. Cal. Nov. 25, 2013), citing *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.,* 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

## II. Plaintiff Is Entitled to Defendant's Profits in the Amount Of $55,300

Here, the '339 Patent claims "[t]he ornamental design for a puzzle table." Statement of Material Facts [202] at ¶ 4. In the case of a design for a single-component product, such as the '339 Patent, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is the Infringing Products sold by Defendant.

In Plaintiff's Second Set of Requests for Production, Plaintiff requested Defendant to produce "[a]ll documents, electronically stored information, and things demonstrating the costs associated with

the sale of the Infringing Products". [202] at ¶ 44. Defendant's unverified response merely states that "we declare that the cost for the products accused is RMB 165/pcs[1]." [202] at ¶ 45. Defendant's response is insufficient under FRCP 34(b)(2)(B), which requires that responses either produce the requested documents or, if objecting, state with specificity the basis for withholding them. Defendant neither produced the requested documents nor raised any objections to the request. [202] at ¶ 46. The responding party bears the burden to show that all responsive documents have been produced or to explain why documents are withheld. *See Fudali v. Napolitano*, 283 F.R.D. 400, 403 (N.D. Ill. 2012) (bare assertions without documentary support are inadequate); *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 174–75 (N.D. Ill. 2018) (party must produce documents or explain why none exist). Therefore, by simple declaration of cost, without producing any documents, invoices, or electronically stored information supporting that figure, Defendant has not met its burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7.

Since Defendant failed to respond to Plaintiff's discovery requests, Plaintiff has limited to no information available regarding Defendant's profits from the sale of the Infringing Products. [202] at ¶ 47. Information provided by Wayfair indicates that Defendant has sold at least 402 units of infringing products and generated a net revenue of $55,300. [202] at ¶ 19. Defendant has failed to show relevant costs and profits. [202] at ¶ 48. Therefore, Plaintiff is entitled to $55,300, representing the known infringing product revenue.

//

---

[1] Chinese currency RMB 165 is approximately equivalent to USD $24, based on the current exchange rate of 7:1. Statement of Material Facts [202] at ¶ 50.

**III.  Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court award Plaintiff damages in the amount of $55,300 as Defendant's profit under § 289.

Date: May 7, 2026

Respectfully submitted,

*/s/ Faye Yifei Deng*
Faye Yifei Deng
YK Law LLP
445 S Figueroa Street, Suite 2280
Los Angeles, California 90071
Telephone: (213) 401-0970
Email: fdeng@yklaw.us

*Attorney for Plaintiff GZ Long Ya Trading Co., Ltd.*