# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GZ LONG YA TRADING CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-4193 |
| v. | ) | |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff GZ Long Ya Trading Co., Ltd.'s ("Plaintiff") moved for summary judgment and a damages award against Defendant Tonchean ("Defendant") for its alleged infringement of Plaintiff's patent design [Dkt. 200]. On April 24, 2026, this Court granted Plaintiff's motion for summary judgement and permanent injunctive relief and requested supplemental briefing on Plaintiff's damages position. [Dkt. 211.] The Court is now in receipt of Plaintiff's Supplemental Brief on Damages. [Dkt. 214.] Despite being ordered to file a response to Plaintiff's brief [Dkt. 211], Defendant failed to file any response. For the reasons articulated below, Plaintiff is awarded monetary damages in the amount of $55,300 against Defendant Tonchean.

35 U.S.C. § 289 establishes a remedy for patent infringement for the patentee. The Supreme Court has held that "[a]rriving at a damages award under § 289 [] involves two steps. First, identify the "article of manufacture" to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). While the Plaintiff bears the initial burden of identifying the article of manufacture and the infringer's total profit from the sale of that article, Defendant has the burden

to produce an alternative article and any deductible expenses. *Flipsi, Ltd. v. Tomy Int'l, Inc.*, No. 23-cv-745, 2025 WL 388957, at \*9 (N.D. Ill. Feb. 4, 2025); *Nordock, Inc. v. Systems, Inc.*, No. 11-cv-118, 2017 WL 5633114, at \*3 (E.D. Wisc. Nov. 21, 2017). The Seventh Circuit has adopted the same approach in other types of infringement cases, noting "[t]he burden is the infringer's to prove that his infringement has no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark." *WMS Gaming, Inc., v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) (citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07 (1942)).

Here, the '339 Patent claims "[t]he ornamental design for a puzzle table." [Dkt. 202, Plaintiff's Statement of Material Facts ("PSOF") ¶ 4; Dkt. 205, Defendant's Response Statement of Material Facts ("DSOF") ¶ 4.] Defendant offered for sale and sold puzzle tables substantially similar to the '339 Patent (the "Infringing Products") without authorization or license through its Wayfair e-commerce store. [PSOF ¶ 17.] Plaintiff has identified the relevant article of manufacture as the Infringing Products sold by Defendants. [Dkt. 201 at 13; Dkt. 214 at 3.] The parties also agree that information provided by Wayfair indicates Defendant sold, at minimum, 402 units of the Infringing Products into the U.S., including units within this District, generating a net revenue of at least $55,300. [PSOF ¶ 19; DSOF ¶ 19.] Plaintiff further highlights that in response to Plaintiff's Second Set of Requests for Production requesting "all documents, electronically stored information, and things demonstrating the costs associated with the sale of the Infringing Products," Defendant merely offered an unverified response declaring "the cost for the products accused is RMB 165/pcs." [PSOF ¶ 44-45; DSOF ¶ 44-45.]. No documentary evidence was offered explaining this cost. *Id*.

In its response brief to Plaintiff's motion for summary judgement [Dkt. 204], Defendant

did not raise any arguments as to Plaintiff's identification of the article of manufacture, an alternative article of manufacture, Defendant's total profits identified, or any deductible expenses as to Defendant's total profits. In fact, Defendant failed to address, in its entirety, all of Plaintiff's arguments related to Plaintiff's entitlement to damages under § 289. The Court ordered Defendant to respond to Plaintiff's supplemental damages brief and Defendant, again, failed to respond. Defendant's silence on this issue indicates to the Court that there is no dispute that the Infringing Product is the article of manufacture and that Plaintiff is entitled to Defendant's profits from the sale of the Infringing Products in the amount of $55,300. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver.").

For the reasons articulated above, the Court awards Plaintiff monetary damages in the amount of $55,300 against Defendant Tonchean for design patent infringement.


**ENTERED: May 29, 2026**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge